**UNITED STATES of America, Plaintiff,**

v.

**Alfred ELLIOTT, Defendant.**

**No. 88 CR 645.**

United States District Court,
N.D. Illinois, E.D.

Sept. 13, 1989.

See also 727 F.Supp. 1126.

Larry Rosenthal, Kristina Anderson, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Alfred Elliott, Overland Park, Kan., for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Alfred Elliott was convicted by a jury of thirty-four counts of wire fraud under 18 U.S.C. § 1343 (odd-numbered counts from 1 to 67), thirty-four counts of securities fraud under 15 U.S.C. §§ 78j(b) and 78ff (even-numbered counts from 2 to 68), one count under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1963(a) (Count 69) and one count of filing a false income tax return under 26 U.S.C. § 7206(1) (Count 70). This Court sentenced Elliott to five years of imprisonment on Count 1, five years on Count 2, five years on Count 69 and three years on Count 70, all sentences to run concurrently. We also placed Elliott on five years probation for each of Counts 3 through 68, to run concurrently with each other and consecutively to the terms of imprisonment imposed on Counts 1, 2, 69 and 70. We imposed fines and special assessments totalling $334,800 and ordered the forfeiture of $352,581.93 as the proceeds of Elliott's racketeering activity. Elliott has now moved for release pending appeal under 18 U.S.C. § 3143(b) and to stay execution of forfeiture pending appeal under Rule 38 of the Federal Rules of Criminal Procedure. For the reasons set forth below, we deny Elliott's motion for release and grant the stay of execution, conditioned on his payment of the amount of forfeiture to the registry of this Court.

■ Under section 3143(b), Elliott must be detained unless this Court finds (1) by clear and convincing evidence that he is not likely to flee or endanger anyone if released, (2) that he is not appealing to delay matters, and (3) "that the appeal ... raises a substantial question of law or fact likely to result in (A) reversal, (B) an order for a new trial, (C) a sentence that does not include a term of imprisonment, or (D) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). On the basis of the record and our own observations of Mr. Elliott, we do not think that he is likely to flee or harm someone if released pending appeal. Nor do we think that this appeal is being filed for the purpose of delay.

The Seventh Circuit has split the third factor into two questions. First, we must decide whether the appeal presents "a substantial question of law or fact." *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir.1985). "A substantial question 'is a "close" question or one that very well could be decided the other way.'" *United States v. Molt*, 758 F.2d 1198, 1200 (7th Cir.1985), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 715 (1986) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)). Stated another way, a close question is one which on appeal "could readily go either way ... a toss-up or nearly so." *United States v. Greenberg*, 772 F.2d 340, 341 (7th Cir.1985); *see also United States v. Hattermann*, 853 F.2d 555, 557 n. 6 (7th Cir.1988). The *Bilanzich* court suggested that the Third Circuit's definition of substantial in *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), was helpful in interpreting the statute. In *Miller*, the Third Circuit found a substantial question is a question "which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Miller*, 753 F.2d at 23. The Seventh Circuit has given us further directions as to our role in making this substantiality determination. In *United States v. Shoffner*, 791 F.2d 586 (7th Cir.1986), the court indicated that a district court in analyzing this issue should direct its attention to its own analysis of the issues raised at earlier stages of the proceedings. "In determining whether a question is 'substantial' as that word is used in 18 U.S.C. § 3143(b)(2), a judge must essentially evaluate the difficulty of the question he [or she] previously decided." *Shoffner*, 791 F.2d at 589.

If a court determines that the appeal presents a substantial question of law or fact, it must proceed to the second question, that is, whether an order of a new trial or a reversal of the conviction is more likely than not, assuming that the appellate court decided the close question in the defendant's favor. In this case, however, we need not make the second inquiry. While the securities fraud counts, and to a lesser extent the wire fraud and RICO counts, may raise substantial questions of law or fact, the tax count does not. Elliott has advanced, by reference to his motion for a new trial, four issues relating to the tax count: (1) that we erroneously excluded evidence concerning the incorrect information on his 1984 tax return and the steps he took to correct them; (2) that we erroneously admitted his 1985 and 1986 tax returns into evidence; (3) that we gave an erroneous instruction concerning what constitutes "willfulness" with respect to filing a false tax return; and (4) that he was denied due process because he was not given the names, addresses and social security numbers of all prospective jurors in advance of trial, even though he never made a request for such information.

In our view, these four questions do not present close questions of law. We do not think that we either improperly admitted any evidence or improperly excluded any evidence on the tax count, and, in retrospect, those decisions were not difficult or close. The same is true of the other two counts. Nor can we say that the issues concerning the tax count are novel or that they very well may be decided the other way. It is true that in some sense, the fourth issue is a new one: whether 26 U.S.C. § 6103(b)(5) requires a court to provide a defendant charged with tax offenses with the names, addresses and social security numbers of prospective jurors. *See*

*United States v. Hashimoto,* 878 F.2d 1126 (9th Cir.1989). But because Elliott did not raise the argument before trial, the argument was waived. Waiver of an issue due to defendant's failure to raise it is not a novel proposition, so we cannot say that the fourth issue presents a novel question of law. Therefore, the fourth issue, like the other three, are not substantial, and Elliott's motion for release pending appeal must be denied.

Elliott also asks that we stay execution of the RICO forfeiture pending appeal under Rule 38. Although we believe that we correctly decided the issues involved in the RICO count, the predicate wire fraud counts and the RICO forfeiture provision, we recognize that reasonable minds might differ on these issues. We think, therefore, that a stay of execution is appropriate. However, we also believe it is appropriate to place conditions on the stay to ensure compliance with forfeiture upon disposition of the appeal. Accordingly, we will order that Elliott deposit the amount of the forfeiture, $352,581.93, into the registry of this Court.

For the reasons set forth above, Elliott's motion for release pending appeal is denied. Elliott's motion for stay of execution of forfeiture is granted, conditioned on Elliott's payment of $352,581.93 into the registry of this Court. It is so ordered.