B.J. Throne–Conti, Asst. U.S. Atty., Office of U.S. Atty., Miami, Fla., for plaintiff.

Neal Dupree, Fort Lauderdale, Fla., for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Frank BACHNER, Defendant.**

**No. 87–8028–CR.**

United States District Court,
S.D. Florida.

July 27, 1990.

## ORDER DENYING EMERGENCY MOTION TO STAY SALE

ROETTGER, District Judge.

The criminal case defendant filed an emergency motion today to stay the sale of three of his forfeited airplanes at a joint U.S. Marshal–Broward County Sheriff's sale tomorrow morning. No published case law has been found and a clear conflict between the applicable statute and a Rule of Procedure exists.

Defendant was convicted by the jury of a continuing criminal enterprise by the jury for cocaine smuggling and these planes, together with other planes, a car and a computer, were forfeited by the jury and defendant was sentenced to life imprisonment. Defendant's appeal has been pending for more than one year, but all the briefs have not been filed yet.

The three planes are a 1965 Gates Lear jet, a Cessna Skymaster, and a 1951 Grumman Albatross. Defendant asserts the planes are unique properties, particularly the Albatross because there are only sixteen of them left. The Lear jet is worth $130,000., the Cessna $26,000. and the Albatross $40,000., according to the government. Defendant asserts they are worth more.[1]

The sale involves many cars, boats and planes of various defendants seized and forfeited because of illegal use. Among the cars are three Lamborghinis, plus Ferraris, Jaguars, Mercedes–Benz', Corvettes, and other cars and trucks. The three planes targeted by defendant's motion were all flown to Fort Lauderdale solely for the sale and the government asserts a stay would require the planes to be flown back to their storage locations and further storage charges.

The government has incurred costs to date of $57,600.00 for the upkeep and storage of the planes and also asserts total sale costs to date of $90,000.00 plus, but these sale expenses clearly cover many other chattels, as well.

## CONFLICT BETWEEN RULE AND STATUTE

The applicable statute, 21 U.S.C. § 853(h) in plain, clear language denies a defendant standing to stay a sale; it reads as follows:

21 U.S.C. § 853(h):

"Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him."

A similar statute, 18 U.S.C. § 1963(f), has identical language.

Rule 38(e) of Federal Rules of Criminal Procedure appears to conflict head-on as follows:

"A sanction imposed as part of the sentence pursuant to 18 U.S.C. 3554, 3555, or 3556 may, if an appeal of the conviction or sentence is taken, be stayed by the district court or by the court of appeals upon such terms as the court finds appropriate."

Both the Statute and the Rule were enacted by the Congress on October 12, 1984.

Although there is no published case addressing this dilemma, Smith's *Prosecution and Defense of Forfeiture Cases* says courts will likely apply equitable considerations in determining whether to grant a stay, despite the clear language of the statute. Smith's cites *U.S. v. Reckmeyer*,[2] an unpublished order of Judge Widener of the Fourth Circuit, ruling alone on an apparent emergency motion for stay of a sale.

According to Smith, Judge Widener granted the stay, noting that the property to be sold was real property valued at $3,000,000., which included defendant's home. He rejected the government's contention the property might diminish in value, reasoning that it could well appreciate in value.

A number of distinctions exist: the planes are chattels rather than real property and are not unique. Most certainly, the planes are not Defendant's home, as was the case in *Reckmeyer*. Even the Albatross has 15 other "copies" or "siblings" extant. Judge Widener also found *Reckmeyer*'s appeal was not frivolous or taken for delay. This court cannot make such a finding in the instant case. From the size of the bond in *Reckmeyer*, one must presume the appeal would be disposed of in six months; inasmuch as the Government's brief won't be filed until August, this court doubts any resolution of the plenary appeal within six months.

---

1. Defendant owned another Albatross, but it was not forfeited. Apparently, it is not "flyable" at the present time and not involved in this proceeding, naturally.

2. 85–5158 (4th Cir.1985)

The court finds that keeping planes airworthy is expensive and has already caused considerable expense; an extended period of time caused by a granting of the motion to stay would greatly increase the costs.

Most importantly, the statute in unambiguous language denies standing to defendant to file this motion. If defendant should obtain a reversal of his conviction and the charges against him ultimately dismissed, he would have the right to a fair value for the property sold. The Congress' intention is clearly expressed and should be given effect.

Even if this court determined that Rule 38(e) also expressed the intention of the Congress to give judges the power to consider equitable factors in deciding whether to grant or deny a sale of defendant's property, the factors in this case compel denial of the motion to stay.

Defendant's motion for stay is DENIED.

DONE AND ORDERED. This written order is to memorialize the findings and ruling announced in open court at the emergency hearing on June 29, 1990; Defendant's emergency appeal was denied by the Eleventh Circuit.