**In re the Seizure of ALL FUNDS IN AC-COUNTS IN the NAMES REGISTRY PUBLISHING, INC., Sterling Who's Who, Inc., Who's Who of Retailers, Inc., William's Who's Who, Inc., Who's Who Executive Club, Bruce Gordon, Who's Who Worldwide Registry, Inc., Publishing Ventures, Inc., including but not limited to Marine Midland Bank Account Nos. 018–78090–3, 018–78047–4, 018–78044–0, 018–78055–5, 018–78153–5, 018–78173–0, Sterling National Bank & Trust Co. of New York Account Nos. 035–79716–07, 031–43410–01, 031–43402–01, Republic National Bank for Savings Account No. 2601001775, and All Funds Traceable Thereto.**

Docket No. 95–6119.

United States Court of Appeals, Second Circuit.

Argued June 15, 1995.

Decided June 26, 1995.

Gary R. Brown, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty., E.D.N.Y., Deborah B. Zwany, Sarah Lum, Asst. U.S. Attys., Brooklyn, NY, of counsel), for movant.

Vivian Shevitz, Mount Kisco, NY (Gerald Shargel, New York City, of counsel), for respondent and cross-movant.

Before: WINTER, MAHONEY, and JACOBS, Circuit Judges.

PER CURIAM:

This motion for a stay pending appeal concerns an order by Judge Spatt releasing over $270,000 seized pursuant to a warrant obtained under Fed.R.Crim.P. 41. Judge Spatt held in a thorough opinion, see 887 F.Supp. 435 (E.D.N.Y.1995), familiarity with which is assumed, that the warrant must be vacated because there is a lack of probable cause for the underlying arrests and prosecution.

Under 28 U.S.C. § 1355(c), "the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal." Emphasizing the use of the word "shall," the government argues in essence that it is entitled to an automatic stay of the district court's ruling or the posting of a bond in order to preserve its "right ... to the full value of the property at issue." We disagree. The government's "right" to the funds depends upon the strength of the merits of its case, including its ability to demonstrate, *inter alia,*[1] that all of the funds in question were the fruits of criminal activity. Were we to ignore the plain language and read this statute otherwise, allowing the government to seize funds without regard to the legal viability or evidentiary strength of its civil forfeiture case, the statute would be subject to the gravest constitutional doubts under the Due Process clause of the Fifth Amendment. *See United States v. James Daniel Good Real Property,* —— U.S. ——, ——, 114 S.Ct. 492, 500, 126 L.Ed.2d 490 (1993). *See also Fuentes v. Shevin,* 407 U.S. 67, 86, 92 S.Ct. 1983, 1997, 32 L.Ed.2d 556 (1971) (noting, in Fourteenth Amendment context, that the Due Process Clause "draws no bright lines around three-day, 10 day or 50 day deprivations of property.").

■ We also hold that the usual standards for determining whether to grant a stay pending appeal apply under Section 1355(c). Under those standards, we must consider: (i) whether, absent a stay, the moving party may suffer irreparable harm; (ii) the substantiality of harm to the opposing party if a stay is granted; (iii) whether the movant has demonstrated a substantial possibility of success on appeal; and (iv) any public interests that might be affected. *See LaRouche v. Kezer,* 20 F.3d 68, 72 (2d Cir.1994).

■ We believe the motion must be denied under those standards. We will assume that if a stay is not granted, the government will be unable to recover the funds. Factor (i) thus favors the government. However, we also conclude that the continued withholding of these funds will end what chance is left for the commercial success of those claimant companies that are not already in bankruptcy proceedings. Although the government states that it has not seized all the claimants' funds, the bulk of the unseized funds appears to be subject to the control of the bankruptcy court. Factor (ii) thus favors the claimants.

Factor (iii) also favors the claimants. We believe it unwise for a panel hearing a motion like the present one to state that the underlying criminal prosecution lacks probable cause as a matter of law. We necessarily must act with an expedition that precludes the careful and extended consideration that should be given before reaching such a conclusion. However, that being said, it seems clear to us that much of Judge Spatt's opinion is entirely on the mark and that the government's case is marginal at best. Moreover, even assuming that the untruths alleged constitute wire or mail fraud, we believe it highly unlikely that all of the funds in question can be traced to those particular statements in view of the fact that the concrete services or items promised by the claimants were actually provided and that the harm appears to have been of an intangible nature. Indeed, the intangible harm is to the self-image of the members of the organization in question and thus may be entirely the result of the arrests and federal prosecution that underly the civil forfeiture action. We therefore conclude that there is not a substantial possibility of success on appeal.

Factor (iv) asks us to weigh the public interest involved. The government's papers offer little in the way of a coherent explanation for what is at best a borderline prosecution. Given the absence of such an explanation and the substantial chance of even a lack of probable cause, we view the public interest as weighing against the government.

We deny the motion for a stay for the reasons stated.

---

1. In view of our disposition of this matter, we need not address whether a district court may also weigh various equities regarding the harm to claimants.