**UNITED STATES of America, Plaintiff,**

v.

**FOURTEEN VARIOUS FIREARMS, Defendant.**

**Civ. A. No. 3:95cv108.**

United States District Court, E.D. Virginia, Richmond Division.

Sept. 7, 1995.

G. Wingate Grant, Assistant United States Attorney, Richmond, VA, for plaintiff.

Michael M. Morchower, Lee W. Kilduff, Morchower, Luxton & Whaley, Richmond, VA, for defendant.

## MEMORANDUM OPINION

PAYNE, District Judge.

This matter is before the court on the Motion For Stay filed by the United States pursuant to Fed.R.Civ.P. 62(d) & (e) and 28 U.S.C. § 1355(c). The United States seeks an order staying the order entered on June 19, 1995 (the "June 19 Order") dismissing the civil forfeiture action brought by the United States pursuant to 18 U.S.C. § 924(d) seeking forfeiture of fourteen firearms seized at the business premise of Karl V. David. The

forfeiture action was dismissed for lack of subject matter jurisdiction because it was untimely filed. *United States v. Fourteen Various Firearms*, 889 F.Supp. 875 (E.D.Va. 1995). The United States, having taken appeal from the June 19 Order, now asks this court to stay the judgment to assure that, in the event of successful appeal, the seized firearms will remain amenable to possession and disposition, that being the full value of the property at issue to the United States.

## DISCUSSION

The applicable statute, 28 U.S.C. § 1355(c), provides:

> In any case which a final order disposing of property in a civil forfeiture action or proceeding is appealed, removal of the property by the prevailing party shall not deprive the court of jurisdiction. Upon motion of the appealing party, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond.

██ Notwithstanding use of the term "shall," the statute does not require entry of a stay. *See, e.g., In re All Funds in Accounts in the Names Registry Publishing, Inc.,* 58 F.3d 855 (2d Cir.1995). Thus, as is true generally in this circuit, the United States is entitled to a stay under this statute, only if it shows that: (1) it will likely prevail on the merits of the appeal; (2) it will suffer irreparable injury if the stay is denied; (3) other parties will not be substantially harmed by the stay; and (4) the public interest will be served by granting the stay. *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970). "In applying the four standards, the Fourth Circuit has not specifically indicated that 'balancing' should be used '[b]ut there is no reason to believe that such balancing is not appropriate.'" *St. Agnes Hosp. v. Riddick,* 751 F.Supp. 75, 76 (D.Md.1990) (citing *Goldstein v. Miller,* 488 F.Supp. 156, 176 (D.Md. 1980), *aff'd,* 649 F.2d 863 (4th Cir.), *cert. denied,* 454 U.S. 828, 102 S.Ct. 121, 70 L.Ed.2d 104 (1981)).

This is particularly true in this circuit where the jurisprudence controlling issuance of preliminary injunctions and temporary restraining orders requires balancing of similar factors. *See Direx Israel v. Breakthrough Medical Corp.,* 952 F.2d 802 (4th Cir.1992); *Rum Creek Coal Sales v. Caperton,* 926 F.2d 353 (4th Cir.1991); *Blackwelder Furniture Co. v. Seilig Mfg.,* 550 F.2d 189 (4th Cir. 1977). Clearly, there are significant differences respecting the nature of the balance to be performed and the importance of the likelihood of success factor where a party already has prevailed on the merits in the district court. *Compare Blackwelder,* 550 F.2d at 192–95 *with Long,* 432 F.2d at 979–81. Nonetheless, the lesson of *Blackwelder, Direx Israel* and their progeny, is that district courts should not follow a mechanical approach to the exercise of the equitable powers available to preserve the status quo pending judicial resolution of significant issues and to preserve the ability of the courts to grant full relief upon a final decision. Mindful of that teaching and of the significant differences between an application for a stay pending appeal and an application for preliminary injunctive relief, the court now turns to the motion asking that the June 19 Order be stayed pending resolution by the Court of Appeals of the issue of first impression presented by the June 19 Order.

### The Likelihood Of Success

■ The United States must make a strong showing that it is likely to prevail on appeal. "However, this standard does not require the trial court to change its mind or conclude that its determination on the merits was erroneous." *St. Agnes Hosp.,* 751 F.Supp. at 76. Rather, the court must determine whether there is a strong likelihood that the issues presented on appeal could be rationally resolved in favor of the party seeking the stay.

The issue on appeal in this case is one of first impression in this circuit. This factor weighs in favor of granting a stay because clear precedent from the Court of Appeals does not dictate the outcome of the substantive issue decided by this court and presented by the appeal. *See Goldstein v. Miller,* 488 F.Supp. 156, 176 (D.Md.1980). Nor is

there definitive authority in any other circuit on the question and, *United States v. Twelve Miscellaneous Firearms,* 816 F.Supp. 1316, 1317 (C.D.Ill.1993), the only published authority on point, resolved the issue in favor of the United States. Although this court determined that the decision in *Twelve Miscellaneous Firearms* was an erroneous one, that case was thoughtfully decided and reasonable minds could differ respecting whether it or the decision now on appeal was the correct reading of the applicable law.

### The Harm Absent A Stay

■ The United States has demonstrated that it will suffer irreparable harm absent entry of a stay. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n,* 259 F.2d 921, 925 (D.C.Cir.1958) (cited with approval by *Long,* 432 F.2d at 980). However, where the failure to enter a stay will result in a meaningless victory in the event of appellate success, the district court should enter a stay of its order. *See, e.g., Goldstein,* 488 F.Supp. at 175.

The United States correctly acknowledges that, if the June 19 Order is reversed on appeal and if this court were to direct the claimants to return the firearms to the United States, it would be able to recoup the value of the weapons in the event they were stolen, lost, or destroyed pending resolution of the appeal. However, the United States argues that relegating it to recoupment of the value of the firearms would defeat the purpose of the forfeiture statute and transform it into "nothing more than a civil penalty proceeding." The rationale for this position is that, as respects forfeiture of firearms, the statute aims to remove contraband firearms from circulation and that, by providing an opportunity for loss or disposition of the firearms while the action is on appeal, the court would create a substantial risk that the United States would be deprived of the only real value which inures to the United States under the forfeiture statute.

The court agrees that the seizure of contraband firearms and their removal from circulation and from commerce, not the obten-

tion of the monetary value of those firearms, are the principal objectives of the United States in pursuing forfeiture. Indeed, those were the objectives of Congress in permitting this kind of relief. Although the court theoretically could secure that interest by prohibiting David from disposing of the firearms, if returned, and by imposing financial penalties for violation of that prohibition, it appears that, in enacting 28 U.S.C. § 1355(c), Congress has expressed a preference for maintenance of the status quo pending appeal. That course has the salutary result of precluding further litigation over the terms or adequacy of any security sought by the United States. In any event, the course which adheres to the Congressional scheme applicable to forfeiture counsels in favor of a stay here to secure the real value of the property to the appealing party in the court of success on appeal.

### The Harm If A Stay Is Granted

The claimants have failed to show that they will suffer any substantial harm. Although it is true that they have been denied the use and enjoyment of their weapons for almost a year of interest, while perhaps important, is not so substantial as to outweigh the interests of both the United States and the public in removing potential contraband from circulation. The claimants also assert that the firearms might not be properly stored or cleaned pending appeal. However, the petitioners have not shown that the firearms are improperly stored or maintained. And, if they seriously apprehended improper storage, they could have raised this matter with the United States long ago. That they did not do so raises serious doubt as to the legitimacy of that concern now.

### The Public Interest

The public's interest on this issue is in accord with the position taken by the United States. Where the United States has made a sufficient showing on the likelihood of success factor, there is a strong public concern in keeping weapons, which ultimately may be deemed contraband, off the streets. Pecuniary compensation for the value of the weapons, if sold, disposed or lost pending appeal would do little in achieving the goal of fostering the public welfare by removing danger-ous weapons from free circulation. While the claimants allegations that "[r]eckless searches and seizures of property without any probable cause . . . endless litigation at taxpayer's expense, and violation of due process" are indeed never in the public's interest, none of these circumstances would result from granting a stay in this case.

For the reasons stated above, the motion to stay the June 19 Order pending appeal is granted.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.