The judgment of the United States District Court for the District of Utah is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**VARIOUS TRACTS OF LAND IN MUSKOGEE AND CHEROKEE COUNTIES, and Livestock, Farm Implements, Equipment, and Moneys, Defendants.**

**Theron Norwood Hutching,
Claimant–Appellant.**

No. 95–7155.

United States Court of Appeals,
Tenth Circuit.

Jan. 10, 1996.

**198**

Mary M. Smith, Asst. U.S. Attorney, John W. Raley, Jr., U.S. Attorney, Office of the United States Attorney, Muskogee, OK, for U.S.

Theron Norwood Hutching, Webb City, MO, pro se.

## ORDER

Before TACHA and EBEL, Circuit Judges.

We have before us appellant's motion for an injunction against the sale of forfeited property pending appeal. Upon consideration, the motion is denied.

Appellant raises a legal argument we have not previously addressed. 28 U.S.C. § 1355(c) states: "Upon motion of the appealing party, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal. . . ." Focusing on the word "shall," appellant contends that because he has moved for a stay pending appeal, we are instructed by the statute to enter a stay without regard to the strength of his argument that he has a valid interest in the property the district court determined to be forfeited.

■ We reject appellant's argument because it ignores relevant language in the statute. *See In re All Funds In Accounts In Names Registry Publishing, Inc.*, 58 F.3d 855, 856 (2d Cir.1995). Appellant's "right . . . to the full value of the property at issue" under § 1355(c) is bound up with the strength of his argument on appeal. Therefore, we will determine whether a stay pending appeal is necessary under § 1355 by using the same four-part test we apply in other cases. Appellant must show that: (1) he is likely to prevail on the merits on appeal; (2) he will be irreparably harmed in the absence of a stay; (3) other parties will not be substantially harmed by the entry of a stay; and (4) the public interest favors a stay. *See Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *see also* 10th Cir.R. 8.1.

■ We have evaluated appellant's motion under the above four-part test. Appellant's conclusory argument that he is an innocent owner, *see* 21 U.S.C. § 881(a)(6), is insufficient to demonstrate that he is likely to succeed on appeal or will be irreparably harmed in the absence of a stay. *See United States v. One Hundred Forty–Nine Thousand Four Hundred Forty–Two & 43/100 Dollars ($149,442.43) In United States Currency*, 965 F.2d 868, 876 (10th Cir.1992) (holding that in forfeiture case factual findings are reviewed for clear error and legal conclusions are reviewed de novo). Therefore, the motion for injunction is denied.