UNITED STATES of America,
Plaintiff,

v.

Brigitte RIEDL, Defendant.

No. CR. 98–0624ACK.

United States District Court,
D. Hawai'i.

Oct. 11, 2001.

Alan Ellis Sausalito, CA, Myles S. Breiner, Honolulu, HI, Richard J. Troberman, Seattle, WA, Wayne Anderson, Law Offices of Alan Ellis, Sausalito, CA, J. Thomas Logan, Pasadena, CA, David F. Klein, Cheryl R. Brawley, Honolulu, HI, Rustam Barbee, Honolulu, HI, for Defendant.

### *ORDER DENYING DEFENDANT'S MOTION FOR STAY OF FINAL ORDER OF FORFEITURE PENDING APPEAL*

KAY, District Judge.

#### *BACKGROUND*

On November 24, 1999, Brigitte Riedl ("Defendant") was convicted by a jury of one count of possession with intent to distribute cocaine, two counts of aiding and abetting the distribution of cocaine, one count of distributing cocaine, and five counts of money laundering. The jury additionally found by special verdict that nine properties owned by Defendant were involved in the money laundering offenses and were subject to forfeiture to the United States.

On December 20, 1999, Defendant filed a Motion to Set Aside Forfeiture. After hearing oral argument, the Court denied Defendant's Motion on January 7, 2000, finding that the forfeiture was not grossly disproportional to the gravity of Defendant's offense. The Court noted, however, that it would reconsider the issue at the time of Defendant's sentencing, and ordered that the subject properties not be sold prior to sentencing.

On January 31, 2000, the Court issued a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Section 982(a)(1). The Order authorized the United States Marshals Service to seize and take possession of the nine properties implicated in the money laundering offenses pursuant to 21 U.S.C. Section 853(g), as incorporated by 18 U.S.C. Section 982(b)(1).

Defendant's sentencing, originally scheduled for March 13, 2000, was continued numerous times. On August 21, 2000, Defendant moved the Court to reconsider her Motion to Set Aside Forfeiture again arguing that forfeiture of her properties constituted an excessive fine. The Government filed an Opposition on August 25, 2000. The following year, on July 26, 2001, after hearing oral argument and expert testimony, the Court sentenced Defendant and denied her Motion for Reconsideration. The Court subsequently issued a Final Order of Forfeiture on August 13, 2001.

After filing a Notice of Appeal on August 8, 2001, Defendant filed a Motion for Stay of Final Order of Forfeiture Pending Appeal on September 10, 2001. Defendant brings her Motion pursuant to Federal Rules of Criminal Procedure Rule 32.2(d) ("Rule 32.2(d)"), but does not present arguments or cite authority, save a quote from the Advisory Committee Notes, to support her position. The Government filed an Opposition on September 18, 2001. The Government argues that 21 U.S.C. Section 853(h) precludes Defendant from filing the Stay Motion and that alternatively, the facts weigh in favor of denying Defendant's Stay Motion. Defendant has not filed a Reply.[1]

## DISCUSSION

Defendant's Motion for Stay Pending Appeal is brought pursuant to Rule 32.2(d). Rule 32.2(d) provides in relevant part:

> Stay Pending Appeal. If a defendant appeals from a conviction or order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review.

Fed.R.Crim.P. 32.2(d) (West 2001). According to the Advisory Committee Notes, subdivision (d) replaces the forfeiture provisions of Rule 38(e)[2] and serves to "ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." *Id.*

The Government, however, contends that 21 U.S.C. Section 853(h) deprives Defendant of standing to file this motion. Because Defendant forfeited the nine subject properties pursuant to 18 U.S.C. Section 982(a)(1), the provisions of 21 U.S.C. Section 853 (codifying Section 413 of the Comprehensive Drug Abuse Prevention and Control Act of 1970) govern the forfeiture of Defendant's property. *See* 18 U.S.C.A. § 982(b)(1) (West 2000) (stating "[t]he forfeiture of property under this section ... shall be governed by the provision of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970)). Section 853(h) provides in relevant part:

> Upon application of a person, *other than the defendant* or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

21 U.S.C.A § 853(h) (West 1999) (emphasis added).

The only published case this Court is aware of that addresses the conflict between Rule 38(e), Rule 32.2(d)'s predecessor, and Section 853(h) is *United States v. Bachner,* 741 F.Supp. 221 (S.D.Fla.1990).[3] The *Bachner* court, while also ruling in the alternative, concluded that the "unambigu-

---

**1.** According to Local Rule 7.4, a reply in support of a non-hearing motion must be served not more than eleven days after service of the opposition. Thus, Defendant's opportunity to reply has expired.

**2.** Before superseded by Rule 32.2(d), Rule 38(e) provided: "A sanction imposed as part of the sentence pursuant to 18 U.S.C. 3554, 3555, or 3556 may, if an appeal of the convic-

tion of sentence is taken, be stayed by the district court or by the court of appeals upon such terms as the court finds appropriate."

**3.** The Court notes that *United States v. Stewart,* No. 96–583, 1999 WL 551891, at *5 (E.D.Pa. June 25, 1999), acknowledged the conflict, but ruled on other grounds.

ous language" of Section 853(h) denied the defendant standing to file a motion for stay. *Id.* at 223. However, Smith's Prosecution and Defense of Forfeiture Cases, in its discussion of the *Bachner* decision, points out that Rule 38(e), which became effective in November of 1987, supersedes section 853(h), effective in October of 1984, by virtue of the Rules Enabling Act which provides that "all laws in conflict with the federal rules of procedures 'shall be of no further force or effect after such rules have taken effect.'" DAVID B. SMITH, 2 PROSECUTION AND DEFENSE OF FORFEITURE CASES § 14.07 (1995). Thus, it appears that Rule 38(e) provides defendants with standing to bring a motion to stay forfeiture pending appeal. Allowing Defendant standing to bring this motion is further supported by the Advisory Committee Notes to the 2000 Amendment to the Federal Rules of Criminal Procedure, in which Rule 32.2(d) replaced the provisions of Rule 38(e), that clearly indicate that the purpose of Rule 32.2(d) is to "ensure that the property remains intact and unencumbered so that it may be returned to the *defendant* in the event the appeal is successful." Fed.R.Crim.P. 32.2(d) (Advisory Committee Notes) (emphasis added). Thus, the Court finds that Defendant has standing to bring this motion pursuant to Rule 32.2(d) of the Federal Rules of Criminal Procedure.

In addition to challenging Defendant's standing, the Government argues that "the equities in the instant case do not support the grant of Defendant's Stay Motion." Rule 32.2(d) gives this Court discretion to stay the order of forfeiture. *See* Fed. R.Crim.P. 32.2(d) (West 2001) (stating "the court *may* stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review") (emphasis added); *United States v. Hill,* 167 F.3d 1055, 1074 (6th Cir.1999). However, the Rule is silent as to how this Court should exercise its discretion.

■ Courts confronted with this decision appear to take varied approaches.[4] Factors considered to determine the appropriateness of staying a forfeiture order under Rule 38(e) include: (1) the likelihood of success on appeal, *see Bachner,* 741 F.Supp. at 222, *United States v. Cleveland,* No. 96–207, 1997 WL 714861, at *5 (E.D.La. Nov. 14, 1997), *United States v. Elliott,* 727 F.Supp. 1131, 1133 (N.D.Ill. 1989); (2) whether the forfeited asset will likely depreciate over time, *see United States v. Stewart,* No. 960583, 1999 WL 551891, at *5 (E.D.Pa. June 25, 1999); (3) the forfeited asset's intrinsic value to the Defendant (the availability of substitutes), *see Bachner,* 741 F.Supp. at 222; and (4) the expense of maintaining the forfeited property.[5] *See id.*

Defendant fails to argue that any of the above mentioned factors weigh in her favor. The Government, on the other hand, points out that the forfeited properties are all commercial rental properties lacking in special intangible value, that Defendant

---

**4.** The Court is unaware of Ninth Circuit authority addressing this issue.

**5.** These factors are similar to the four-part test utilized by the Tenth Circuit Court of Appeals in *United States v. Various Tracts of Land in Muskogee & Cherokee Counties,* 74 F.3d 197 (10th Cir.1996). The court analyzed the Defendant's motion, brought pursuant to 28 U.S.C. Section 1355(c), to enjoin the sale of the property he forfeited under 21 U.S.C.

Section 881(a) as a motion for stay. *Id.* at 198. The court required the Defendant to show: "(1) he is likely to prevail on the merits on appeal; (2) he will be irreparably harmed in the absence of a stay; (3) other parties will not be substantially harmed by the entry of a stay; and (4) the public interest favors a stay." *Id.* (citing *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)).

has not made a showing of irreparable harm, nor established the likelihood of success on appeal. The Government further argues that staying the forfeiture order will prejudice the interests of innocent third-party owners and the United States because eight of the forfeited properties are held in leasehold and as such are currently declining in value with the passage of time. Finally, the Government also contends that staying the Forfeiture Order will increase the already large burden endured by the United States Marshals Service in maintaining and managing the nine properties.

■ The Court finds that Defendant has failed to show that any of the four factors weigh in favor of granting her motion for stay. First, it does not appear likely that Defendant will prevail on appeal. This Court denied both Defendant's Motion to Set Aside the Forfeiture filed on December 20, 1999 and her Motion for Reconsideration filed on August 25, 2000 after thoughtful review and consideration. Moreover, the Court believes Defendant's conviction is well supported by the law of this jurisdiction. *See Cleveland,* 1997 WL 714861, at *5 (denying Defendant's motion to stay forfeiture order upon conclusion that success on appeal was not likely as its order was well supported by the law governing the circuit). Second, the forfeited leasehold interests continue to decline in value with the passage of time. *See Stewart,* 1999 WL 551891, at *5 (noting that "time is of the essence" given the risk of dissipation of the value of the forfeited asset if sale is delayed). Third, it does not appear that Defendant will suffer irreparable harm absent a stay. None of the forfeited properties serve as Defendant's primary residence and Defendant fails to demonstrate that any one of the nine commercial properties is special or irreplaceable. *See Bachner,* 741 F.Supp. at 222 (not-

ing that personal residences and unique real property weighs in favor of staying forfeiture). Last, it appears that granting a stay of the forfeiture order will increase the burden on the Marshal's Service. *See* Decl. of Brent Naluai. Therefore, all four factors weigh against staying the forfeiture order.

### CONCLUSION

Accordingly, the Court DENIES Defendant's Motion for Stay of Final Order of Forfeiture Pending Appeal.

IT IS SO ORDERED.