**REALVIRT, LLC, Plaintiff,**

v.

**Michelle K. LEE, Defendant.**

**Case No. 1:15–cv–963**

United States District Court,
E.D. Virginia,
**Alexandria Division.**

Signed November 22, 2016

Joseph Scafetta, Jr., Ditthavong & Steiner PC, Alexandria, VA, for Plaintiff.

Ayana Niambi Free, US Attorney's Office, Alexandria, VA, for Defendant.

## ORDER

T. S. Ellis, III, United States District Judge

The matter is before the Court on plaintiff Realvirt, LLC's motion to stay the Order issued on October 27, 2016 directing plaintiff to pay $103,259.52 to the defendant in this case, the Patent and Trademark Office ("PTO").[1] (Docs. 80, 82). As explained in the Memorandum Opinion accompanying the Order, 35 U.S.C. § 145 [2] requires plaintiff to pay all expenses, including attorneys' fees, that the PTO has incurred in this proceeding. *See Realvirt, LLC v. Lee*, 220 F.Supp.3d 695, 701–02 (E.D. Va. 2016). As a result, the $103,259.52 judgment consists of $54,804.90 in expert witness and deposition expenses and $48,454.62 in attorneys' fees.

Plaintiff has appealed that Order to the United States Court of Appeals for the Federal Circuit. (Doc. 81). Plaintiff now moves to stay the Order pending the Federal Circuit's resolution of (1) plaintiff's appeal of that Order, (2) the resolution of an earlier Order in this case dismissing plaintiff's patent application for lack of standing,[3] and (3) a pending appeal in a case that also addresses whether § 145 authorizes attorneys' fees.[4] The PTO opposes plaintiff's motion or, in the alternative, asks that plaintiff be required to post a bond for the $103,259.52.[5]

■ The Supreme Court has stated that the issuance of a stay is "an exercise of judicial discretion," and that the "propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) (internal quotation marks omitted). There are four factors used to determine if a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;" and (4) the public interest. *Id.* at 434, 129 S.Ct. 1749 (internal quotation marks omitted).

■ On balance, and for good cause shown, these four factors weigh in favor of granting a stay in this case with respect to the attorneys' fees portion of the Order and requiring plaintiff to post a bond for the remainder of the Order. To begin with, it is important to note that courts have sensibly concluded that the first factor

---

1. The named defendant, Michelle K. Lee, is the Under Secretary of Commerce for Intellectual Property and the Director of the PTO.

2. That statute provides that an applicant dissatisfied with a Patent Trial and Appeal Board decision can file a separate civil action in the district court, and that "[a]ll the expenses of the proceedings shall be paid by the applicant." 35 U.S.C. § 145.

3. *See Realvirt, LLC v. Lee*, 195 F.Supp.3d 847, 864 (E.D. Va. 2016), *appeal docketed*, No. 16–2669 (Fed. Cir. Sept. 20, 2016).

4. *See Nankwest, Inc. v. Lee*, 162 F.Supp.3d 540 (E.D. Va. 2016), *appeal docketed*, No. 16–1794 (Fed. Cir. Apr. 5, 2016).

5. The PTO argues that plaintiff's motion for a stay is tantamount to a motion for reconsideration under Rule 59(e), Fed. R. Civ. P., but that argument is erroneous because plaintiff is entitled to seek a stay of the October 27, 2016 Order.

"does not require the trial court to change its mind or conclude that its determination on the merits was erroneous." *United States v. Fourteen Various Firearms*, 897 F.Supp. 271, 273 (E.D. Va. 1995). This is so because it would be the relatively rare case in which a court would conclude that a judgment that it had reached carefully after thorough consideration would likely be erroneous. Thus, the question with respect to the first factor is whether "the issues presented on appeal could be rationally resolved in favor of the party seeking the stay." *Id.* That factor weighs in favor of a stay with respect to the attorneys' fees because the Federal Circuit has not yet had the opportunity to decide whether § 145 authorizes the PTO to collect attorneys' fees as part of the expenses authorized by the statute. Because this issue "is one of first impression in this circuit," this "factor weighs in favor of granting a stay because clear precedent from the [Federal Circuit] does not dictate the outcome of the substantive issue decided by this court and presented by the appeal." *Id.* Importantly, this point applies only to the portion of the Order relating to attorneys' fees because the statute forecloses any argument that plaintiff is likely to succeed on the merits with respect to the remaining portion (expert witness and deposition expenses). *See* 35 U.S.C. § 145 ("All the *expenses* of the proceedings shall be paid by the applicant.") (emphasis added).

With respect to the second factor, plaintiff has also produced some evidence that it will suffer irreparable financial injury should it be required to pay the full amount of the Order, so the second factor supports plaintiff's request for a stay. And,

as the Supreme Court has noted, these first two factors are the most important. *See Nken*, 556 U.S. at 434, 129 S.Ct. 1749. As for the third and fourth factors, both factors support a partial stay.

Although a partial stay is appropriate in these circumstances, the interest of the PTO in collecting its money judgment must also be taken into account. The best way to accommodate that interest is to grant plaintiff's motion for a stay only with respect to the $48,454.62 in attorneys' fees because the Federal Circuit will resolve that issue in plaintiff's pending appeal. At the same time, plaintiff must post a bond for the remaining expenses, which the statute clearly authorizes. *See* 35 U.S.C. § 145. That outcome balances plaintiff's need for a stay while accommodating the PTO's interest in collecting its judgment. *See Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999) ("In determining whether to issue a stay pending appeal on the basis of less than a full bond, a district court should act to preserve the status quo while protecting the non-appealing party's rights pending appeal.") (internal quotation marks omitted).

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff's motion to stay the Court's October 27, 2016 Order requiring it to pay $103,259.52 to the PTO (Doc. 82) is **GRANTED** with respect to the $48,454.62 in attorneys' fees. Plaintiff's obligation to pay that amount to the PTO is **STAYED** pending the Federal Circuit's resolution of plaintiff's appeal of the October 27, 2016 Order.[6] Plaintiff's motion is **DENIED** in all other respects.

6. As noted above, plaintiff requests that the stay be granted not only until the Federal Circuit decides the appeal arising out of the October 27, 2016 Order, but also until the Federal Circuit decides whether plaintiff has standing to pursue its patent application. That

argument fails because, as explained in the Memorandum Opinion accompanying the October 27, 2016 Order, plaintiff's obligation to pay attorney's fees applies regardless of whether plaintiff ultimately wins or loses in

It is further **ORDERED** that plaintiff is **DIRECTED** to post a bond with the Clerk's Office in the amount of $54,804.90 by 5:00 p.m. on Wednesday, November 30, 2016.

this patent application proceeding. *See Real-virt LLC,* 220 F.Supp.3d at 700–01. As a result, there is no need to await the Federal Circuit's decision as to whether plaintiff has standing to proceed with the application; once the Federal Circuit decides whether plaintiff must pay attorneys' fees under § 145, plaintiff will have to pay either (i) the full $103,259.52 or (ii) that amount less the attorneys' fees, which equals $54,804.90.