UNITED STATES of America, Plaintiff,

v.

**FOURTEEN VARIOUS FIREARMS,**
**Defendant.**

Civ. A. No. 3:95cv108.

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 21, 1995.

---

G. Wingate Grant, Assistant United States Attorney, Richmond, Virginia, for Plaintiff.

Michael M. Morchower, Lee W. Kilduff, Morchower, Luxton & Whaley, Richmond, Virginia, for Defendant.

## MEMORANDUM OPINION

PAYNE, District Judge.

This matter is before the court on a motion for attorneys' fees filed by Karl V. David and John David.

## BACKGROUND

On May 4, 1994, Karl V. David was indicted on charges of making a false statement in applying for renewal of a federal firearms dealer's license in violation of 18 U.S.C. § 924(a)(1)(A) and two counts of taking receipt of a firearm shipped in interstate commerce by a person under indictment for crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(n). On May 5, 1994, Karl V. David was arrested and charged with the same crimes. His place of business was searched at the time of arrest and the United States seized 14 firearms, 3 of which are alleged to belong to his adult son, John.

Subsequently, on July 8, 1994, the court dismissed the original three count indictment because the United States had filed a superseding indictment on June 20, 1994. The superseding indictment charged Karl V. David with violating 18 U.S.C. § 924(a)(1)(A) by making a false statement in applying for renewal of a federal firearms dealer's license, and with violating 18 U.S.C. § 922(n) on four occasions for receiving a firearm shipped in interstate commerce by a person under indictment for a crime punishable by a term of imprisonment exceeding one year.

On July 8, 1994, the court dismissed Counts 3 through 6 of the superseding indictment on the motion of the United States. On July 27, the court dismissed Count 2 of the superseding indictment, alleging that the defendant falsely represented that he was not under indictment when he applied for renewal of his federal firearm dealer's license in violation of 18 U.S.C. § 924. That dismissal also was at the instance of the United States. On July 29, 1994, David went to trial and was convicted of the remaining count under 18 U.S.C. § 1001 for making a false statement to the United States.

In the criminal case, David filed a motion for return of the firearms. The motion was denied. *United States v. Karl David,* Criminal No. 3:94cr29 (E.D.Va. Mar. 15, 1995). The United States thereafter initiated a civil forfeiture action which was dismissed on June 19, 1995, on the motion of the claimants, Karl V. David and John David, for lack of subject matter jurisdiction because it had not been filed within the time required by statute for the institution of such actions after the date of seizure. *United States v. Fourteen Various Firearms,* 889 F.Supp. 875 (E.D.Va. 1995). Now, Karl V. David and John David have filed a motion seeking reimbursement of the attorneys' fees incurred by Karl V. David in defense of the criminal case, *United States v. Karl V. David,* Criminal No. 3:94CR39, and by Karl V. David and John David in defense of the civil forfeiture action, *United States v. Fourteen Various Firearms,* Civil Action No. 3:95cv108. They also seek fees incurred in preparing the motion for fees.

The subjects of the motion are the services performed by Ms. Lee W. Kilduff, an associate in Morchower, Luxton & Whaley, who was the counsel of record in the criminal case and in the forfeiture actions and by Stephen P. Halbrook, who acted "of counsel" to Morchower, Luxton & Whaley in both the forfeiture action and the criminal case. The motion seeks reimbursement for 19 hours of service provided by Ms. Kilduff in the criminal case and 8 hours of service provided in the forfeiture action. The hourly rate for those services is claimed to be $125. The motion also seeks reimbursement for 45 hours of service rendered by Mr. Halbrook in the criminal case,[1] 19 hours in the forfeiture

---

1. Mr. Halbrook's affidavit indicates that, in the criminal case, he "authored the original Motion

action,[2] and 46 hours preparing the motion for attorney's fees. Mr. Halbrook claims an hourly rate of $200. The total award of attorneys' fees and costs requested is $22,253.25. (Reply to Government's Response at 13.)

## DISCUSSION

 The award of attorneys' fees to the Davids is governed by the strict liability provision of the Firearms Owner's Protection Act ("FOPA") which provides:

[i]n any action or proceeding for the return of firearms or ammunition seized under the provisions of this chapter, the court shall allow the prevailing party, other than the United States, a reasonable attorney's fee, and the United States shall be liable therefor.

18 U.S.C. § 924(d)(2)(A). "The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Rum Creek Coal Sales v. Caperton,* 31 F.3d 169, 174 (4th Cir.1994). The number of reasonable hours must be determined according to the twelve factors enumerated in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974) (cited with approval by *Hensley v. Eckerhart,* 461 U.S. 424, 430–31, 103 S.Ct. 1933, 1937–38, 76 L.Ed.2d 40 (1983)). Those 12 factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the

professional relationship with the client; and (12) awards in similar cases.

The hourly rate of counsel must also be reasonable. *Rum Creek Coal Sales,* 31 F.3d at 175. Typically, the relevant market for determining the prevailing rate is the community in which the action is prosecuted. *Id.* at 175. However, in circumstances where it is reasonable to retain attorneys from other communities the rates in those communities may also be considered. *Id.* "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 435, 103 S.Ct. at 1940 (emphasis in original). It is in this framework that the application for fees must be evaluated.

### Mr. Halbrook's Fees

Mr. Halbrook seeks reimbursement for 45 hours of service rendered in the criminal action. The first issue then is whether § 924(d)(2)(A) of FOPA authorizes an award of attorney's fees to counsel in a criminal proceeding.

The claimants contend that § 924(d)(2)(A) authorizes a fee award for all hours expended by counsel in any proceeding which ultimately bear on the return of forfeited firearms. Mr. Halbrook claims that, of the 45 hours devoted to the criminal case, "[a]lmost all . . were necessary to litigate the return of the firearms." (Halbrook Affidavit at ¶ 5). He further claims that the time spent in securing dismissal of Counts 3 through 6 of the indictment "was a necessary stage in winning the Court's opinion that the property should otherwise be returned . . . ." *Id.*

---

for Return of Property, the Motion to Dismiss the Indictment, the opening and reply memoranda in support thereof, the Renewed Motion for Return of Property and for Attorney's Fees, and the Reply to Opposition to Motion for Return of Property." Memorandum in Support of Motion at 21.

2. Mr. Halbrook's affidavit indicates that, in the forfeiture action, he performed the following services: "drafting of an Answer to the Complaint, preparation of the Reply Memorandum; and prepare a Motion to Dismiss the Amended Complaint."

■ The contention that § 924(d)(2)(A) authorizes attorney's fees in criminal proceedings is not consistent with the plain language of the statute which provides that fees are available "in any action or proceeding for the return of firearms or ammunition seized...." Simply put, the statute does not contemplate an award of attorneys' fees incurred in a related criminal case because a criminal case is not "an action or proceeding for the return of firearms." [3]

■ Furthermore, the reading of § 924(d)(2)(A) urged by the claimants is undercut by the text of § 924(d)(2)(B), which authorizes fee awards for the defense of "any other action or proceeding" brought under FOPA in bad faith, without foundation, vexatiously or frivolously. In pertinent part, § 924(b)(2)(B) provides:

> that "*[i]n any other action or proceeding* under the provisions of this chapter, the court, when it finds that such action was without foundation, or was initiated vexatiously, frivolously, or in bad faith, shall allow the prevailing party, other than the United States, a reasonable attorney's fee, and the United States shall be liable therefor.

(emphasis added). As the United States admits, a criminal case is an action or proceeding within the reach of § 924(d)(2)(B). This section of FOPA evinces a clear intent to abrogate the general rule requiring criminal defendants to pay their own fees only where there is no support for the charges or they were instituted in bad faith, vexatiously or frivolously. To compensate Mr. Halbrook for hours expended in the initial criminal proceeding against the claimants on the theo-

ry that those services ultimately proved to be helpful in obtaining a favorable result in the civil forfeiture action would circumvent the intention of § 924(d)(2)(B) to permit an award of attorneys' fees only in very limited, specifically articulated instances. The court declines to make such an award indirectly by adopting the expansive interpretation of § 924(d)(2)(A) urged by the claimants.[4] Consequently, the court declines to award fees for work performed by Mr. Halbrook in the criminal case.[5]

The second issue is whether the 19 hours Mr. Halbrook spent on the forfeiture action and his out of pocket expenses were reasonable. The United States does not contest the amount of this component of the fee and the court otherwise finds it to be reasonable under the factors enumerated in *Johnson*.

■ Although costs associated with litigation are typically recoverable, the Statement of Services Rendered does not explain the extent to which the claimed Lexis or Federal Express charges were accrued in the forfeiture action or in the criminal case for which compensation is not available to Mr. Halbrook.[6] When a fee applicant fails to be sufficiently specific in detailing costs, the court may adjust or reject them. *See Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940. Accordingly, the court finds that the Lexis charge of $263.75 and Federal Express charge of $28.50 are not recoverable.

The third issue is whether the 46 hours Mr. Halbrook spent in preparation of the Motion for Attorneys' Fees was reasonable. The claimants argue that the time Mr. Halbrook devoted to that task is entirely reason-

---

3. Interestingly, this is the interpretation accorded § 924(d)(2)(A) by Mr. Halbrook in his treatise which explains that such an "action or proceeding" in § 924(d)(2)(A) includes "both the defense of a forfeiture action or proceeding, as well as a firearms owner filing of a complaint for return of a firearm which the government has not attempted to forfeit," Stephen P. Halbrook, *Firearms Law Deskbook* § 4.4 (1995). Notably absent is the suggestion that the phrase includes the defense of a related criminal action.

4. The claimants have abandoned their argument that § 924(d)(2)(B) presents an alternative basis award of fees. Reply to Government's Response at 1–2.

5. An award of Mr. Halbrook's fees in this proceeding would not be authorized even if the movants had preserved their argument under § 924(d)(2)(B) because the court finds that, although the prosecution in the criminal may have been unsuccessful, there is no indication that it was without foundation or intiated in bad faith, frivolously or vexatiously.

6. Mr. Halbrook's Statement of Services Rendered indicates that at least some of the charges did in fact arise in the criminal action.

able, notwithstanding that he only spent 19 hours on the merits of the civil forfeiture action because the "hours expended in litigation of the merits of the forfeiture were short because of the previous research and writing on the same issues in the criminal case ..." (Reply to Government's Response at 3–4.)

■ Even if all of the time committed to the criminal case by Mr. Halbrook could be considered as having been expended in preparing for the civil case underlying this motion, the time spent in pursuit of a fee award would be clearly excessive in proportion to the amount of time spent on both cases. In *Daly v. Hill,* 790 F.2d 1071, 1076 (4th Cir. 1986), the Fourth Circuit upheld the determination by the district court that 34.9 hours spent in preparing and arguing a motion for attorneys' fees was "totally unreasonable" in the case because "there was no dispute as to the attorney's entitlement to fees, but only as to the amount of the fee award." In *E.E.O.C. v. Service News Co.,* 898 F.2d 958 (4th Cir.1990), the Fourth Circuit held that it was unreasonable to devote to a petition for attorneys' fees more than one-fifth of the time devoted to the representation for which fees were sought where the legal questions were not difficult and where the case was not complex.

■ The determination of the reasonableness of fees incurred in pursuit of fees is a matter entrusted to the discretion of the trial judge who presided over the proceedings for which fees are sought. *See, e.g., Trimper v. City of Norfolk,* 58 F.3d 68 (4th Cir.1995). That discretion, of course, must be exercised in perspective of the litigation taken as a whole. Considering that: (1) the issues for which fees are recoverable were not complex; (2) the entitlement to fees in the forfeiture action was clearly established; and (3) the fee petition included an effort to recover fees which clearly are not recoverable, the court concludes that the reasonable amount of time to allow for pursuit of fees is ten hours.

■ Finally, the court must decide whether Mr. Halbrook's hourly fee of $200 is reasonable. In consideration of Mr. Halbrook's experience in the area of firearms law, the prevailing rates for representation in similar matters in Richmond and Fairfax, and the fact that Mr. Halbrook is currently charging the Commonwealth of Virginia $140.00 per hour in an unrelated case involving his area of expertise, the court finds that a reasonable rate is $140.00 per hour.

### Ms. Kilduff's Fees

Ms. Kilduff "expended 19 hours to secure the return of firearms in this matter, which she billed at the rate of $125.00 per hour ..." as of February 1, 1995. Kilduff Affidavit at ¶ 11. She also "expended 8 hours further seeking the return of the property including work on the forfeiture action." Memorandum in Support of Attorney's Fees at 23.

■ "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940. Here, Ms. Kilduff has not provided any specific description or evidence of the amount of work she provided to the movants. It is clear, however, that the 19 hours she spent "seeking the return of the firearms in this matter," before February 1, 1995, are not compensable under § 924(d)(2)(A) because the government's action was not filed until February 3, 1995. Therefore, any work by Ms. Kilduff could not have been rendered in an "action or proceeding" for the return of firearms within the meaning of § 924(d)(2)(A) unless it was in some administrative action or proceeding which was antecedent, but related, to the forfeiture action instituted on February 3, 1995. If that is the case, the application has not been properly documented to show that services were provided in such an antecedent proceeding. If, on the other hand, the services were performed in the criminal case, they are not reimbursable. Accordingly, an award for these 19 hours is denied.

Because the United States does not contest the reasonableness of the 8 hours expended by Ms. Kilduff after February 1, 1995 and because the court finds them to be reasonable in perspective of the *Johnson* factors, fees will be awarded for that time. Ms.

Kilduff's hourly fee of $125.00 is reasonable given the prevailing community rates and Ms. Kilduff's experience.

## CONCLUSION

For the reasons set forth above, the United States is ORDERED to pay Mr. Halbrook's reasonable fees of $4,060 (29 hrs. at $140 per hour) and Ms. Kilduff's reasonable fees of $1,000 (8 hrs. at $125 per hour), a total of $5,280.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.