**UNITED STATES of America, Plaintiff,**

v.

**TWELVE MISCELLANEOUS FIRE-ARMS and Three Firearm Receivers, Defendants,**

**and**

**UNITED STATES of America, Plaintiff,**

v.

**FOURTEEN MISCELLANEOUS FIREARMS and Seven Firearm Receivers, Defendants.**

Nos. 92–1475, 92–1476.

United States District Court,
C.D. Illinois.

Jan. 27, 1993.

Esteban F. Sanchez, U.S. Attorney's Office, Springfield, IL, for plaintiff.

Rex L. Reu, Bloomington, IL, Thomas Schanzle–Haskins, Giffin Winning Cohen & Bodewes, Springfield, IL, for defendants.

## ORDER

McDADE, District Judge.

Before the Court is Claimant F.J. Vollmer & Company, Inc. and Claimant Kenneth L. Nevius' Motion to Dismiss Plaintiff's First Amended Complaints filed in the above captioned cases.

To sustain a dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), the Court must take all well-pleaded complaints as true and construe the complaint in the light most favorable to the Plaintiff to determine whether Plaintiff is entitled to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). "The issue is not whether Plaintiff will prevail but whether the [Plaintiff] is entitled to offer evidence to support the claim." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

In this action, Plaintiff seeks to forfeit to the United States certain weapons which were in Claimants' possession. Claimants possessed the weapons in violation of federal law, and the weapons were seized pursuant to 18 U.S.C. § 924(d)(1). Claimants argue that the seizure took place in September of 1991 but that the Complaint was not filed until October of 1992, over one year later. The time limit for the commencement of "[a]ny action or proceeding for the forfeiture of firearms ... shall be within one hundred and twenty days of seizure." *Id.* Because the Complaint was filed more than 120 days after seizure, Claimants argue that the action must be dismissed pursuant to 18 U.S.C. § 924(d)(1).

The Court finds, however, that the phrase "any action or proceeding," as stated in § 924(d)(1), does not refer simply to court actions, as Claimants argue. Rather, the phrase also contemplates administrative actions. Clearly the phrase "*any* action or proceeding" could not be read so narrowly as to preclude administrative proceedings.

More importantly, however, § 924(d)(1) is governed by "all provisions of the Internal Revenue Code ... relating to seizure, forfeiture, and disposition of firearms...." *Id.* The Internal Revenue Code mandates administrative proceedings "in all cases of seizures of any goods ... subject to forfeiture ... which ... are of the appraised value of $100,-000.00 or less...." 26 U.S.C. § 7325. *See also Cooper v. City of Greenwood, Mississippi,* 904 F.2d 302, 305–306 (5th Cir.1990) ("Under 18 U.S.C. § 924(d)(1), firearms involved in a violation of § 922(g) ... 'shall be subject to ... forfeiture' if the federal government commences forfeiture proceedings within 120 days of seizure." Citing 26 U.S.C. §§ 7321–7328.)

Based on the above, the Court finds that a forfeiture action is timely so long as the Plaintiff commences at least an administrative action within 120 days of the seizure of the property in question. In the case at bar, Plaintiff, through its argument, has intimated that such an action was timely commenced, and Claimants have not alleged that the administrative action was untimely commenced. Accordingly, the Court DENIES the Claimants' Motions to Dismiss Plaintiff's First Amended Complaints.