UNITED STATES of America, Plaintiff,

v.

FOURTEEN VARIOUS FIREARMS, Defendant.

Civ. A. No. 3:95cv108.

United States District Court, E.D. Virginia, Richmond Division.

June 19, 1995.

G. Wingate Grant, U.S. Atty.'s Office, Richmond, VA, for plaintiff.

Michael M. Morchower and Lee White Kilduff, Morchower, Luxton & Whaley, Richmond, VA (Stephen P. Halbrook, Fairfax, VA, of counsel), for defendant.

## MEMORANDUM OPINION

PAYNE, District Judge.

This is a civil forfeiture action brought by the United States pursuant to 18 U.S.C. § 924(d) against fourteen firearms with an appraised total value of $6,690. The firearms were seized on May 5, 1994 from the business location of Karl V. David ("David"), d/b/a Karl's Gun Shop in Milford, Virginia. On July 29, 1994, David was convicted for violating 18 U.S.C. § 1001 by making certain false statements to the Bureau of Alcohol, Tobacco and Firearms ("ATF").

On June 30, 1994, the United States issued notice of an administrative forfeiture proceeding concerning the firearms. (*See* United States' Opposition to Motion for Return of Property, at 12 (filed in *United States v. Karl V. David,* 3:94CR39).) Counsel for David states that on July 5, 1994, the ATF notified David that it intended to seek forfeiture of the firearms seized from his shop and that, if he had an interest in the property and desired judicial adjudication, he must file a claim and cost bond. (*See* David's Memorandum in Support of Renewed Motion for Return of Property, at 2–3 (filed in 3:94CR39).) On July 29 or August 3, 1994, counsel filed a claim and cost bond on behalf of David and his son, John David. (*Compare id.* at 4 *with* United States' Opposition to Motion for Return of Property, at 12 (filed in 3:94CR39).) The United States filed the Complaint for forfeiture in this action on February 3, 1995.

Claiming an interest in the firearms, David and his son have moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Their argument under Rule 12(b)(1) focuses on the last sentence of 18 U.S.C. § 924(d)(1): "Any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." The Davids argue that, because the seizure occurred on May 5, 1994, this provision of the statute required the United States to file its Complaint in this court on September 2,

1994. Thus, the claimants argue, the United States was about five months tardy. The argument under Rule 12(b)(6) is that the Complaint fails to state a case for forfeiture because the firearms were not used in a violation of the law, David was not guilty of a "willful" violation, and generally that the Complaint fails to state sufficient facts to establish a claim for which relief may be granted.

## DISCUSSION

The court finds that the forfeiture action was untimely filed; that, therefore, the court has no jurisdiction; and that the case should be dismissed. Consequently, it is not necessary to discuss the claimants' motion under Fed.R.Civ.P. 12(b)(6).

■ The starting point for the interpretation of the statute is, of course, the language of the statute. *See U.S. Dept. of Treasury v. Fabe,* — U.S. —, — — —, 113 S.Ct. 2202, 2207–08, 124 L.Ed.2d 449 (1993). Here the language is plain and it is unambiguous. The term "[a]ny action or proceeding" clearly includes administrative and judicial proceedings. The common meaning of the word proceeding includes both administrative and judicial litigation. The word "action" also has special meaning in the judicial context because the Federal Rules of Civil Procedure define as civil *actions* all the judicial proceedings brought in federal courts which, of course, is where judicial actions seeking forfeiture must be initiated. Fed.R.Civ.P. 2. Thus, *any* administrative proceeding *or* judicial action for the forfeiture of the defendant fourteen firearms had to begin within 120 days of the date they were seized, May 5, 1995. The judicial action respecting these firearms was not filed within this time limit. Thus, the action must be dismissed.

■ An examination of sources other than the plain language of § 924(d)(1) also supports dismissal. For example, § 924(d)(1) provides that "all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms.... shall, so far as applicable, extend to seizures and forfeitures under the provisions of this

chapter...." One such provision is 26 U.S.C. § 7325. As the United States and the opinion in *United States v. Twelve Miscellaneous Firearms,* 816 F.Supp. 1316 (C.D.Ill. 1993) point out, in this case which involves goods valued at $100,000 or less, 26 U.S.C. § 7325 requires an initial administrative procedure to determine whether anyone claims an interest in the goods to be forfeited. Judicial proceedings should then be instituted only if someone claims an interest in the goods. Nothing in § 924(d)(1) or the Internal Revenue Code, however, provides that commencement of the administrative procedure tolls the 120–day period in which "any action or proceeding for the forfeiture of firearms" must be commenced.

■ Nor does the administrative forfeiture process detailed by 26 U.S.C. § 7325(2) inherently require such a tolling. That section requires publication of a notice describing the seized goods and the circumstances surrounding the seizure, and it requires "any person claiming [the goods] to appear and make such claim within 30 days from the date of the first publication of such notice." It appears, then, that only 30 of the 120 days provided in § 924(d)(1), are not within the control of the government. *See* David T. Hardy, *The Firearms Owners' Protection Act,* 17 CUMBERLAND L.REV. 585, 661 n. 413 (1987).

In support of their argument, David and his son point to the legislative history of the Firearms Owners' Protection Act ("FOPA"), which enacted 18 U.S.C. § 924(d)(1). They note that the sponsor of this legislation criticized the Hughes bill, which was competing with the bill that became FOPA, because "it [did] not require an agency to bring judicial actions within 120 days, or any other limit, of a seizure." (*See* David's Memorandum in Support of Motion to Dismiss, at 4 (citing 132 Cong.Rec. H1652 (April 9, 1986)).) The Davids also point to other moderately probative legislative history, and the government refutes none of it.

■ In conclusion, the record points to nothing which would render ambiguous the plain-language interpretation of "any action or proceeding" to include both administrative proceedings and judicial actions. The government, which itself relies on a plain-lan-

guage argument, cites much support for the proposition that "any" includes "administrative," and the court finds this support persuasive. But the government seems to miss entirely the point that "any" also includes "judicial." Thus, the provision at issue would not lose its meaning if it were changed to read, "Any administrative or judicial action or proceeding for the forfeiture of firearms or ammunition shall be commenced within [120] days of such seizure." Here, the judicial action was not commenced within 120 days, and this court therefore has no jurisdiction over the subject matter of the Complaint.

■ Ironically, the government's logic could be applied to 26 U.S.C. § 7325(2) to allow a person claiming an interest in seized goods to file his or her claim at any time. That section requires "any person" claiming seized goods to "make such claim within 30 days." Thus, as long as someone makes a claim within the 30 days, someone else can make a claim anytime after that time period. For it is the same logic that reasons, as long as an administrative proceeding is commenced within 120 days of the seizure, a judicial proceeding may be commenced anytime after that time period. Finding this logic faulty, this court disagrees with *Twelve Miscellaneous Firearms*, 816 F.Supp. at 1317 ("[T]he court finds that a forfeiture action is timely so long as the Plaintiff commences at least an administrative action within 120 days of the seizure of the property in question."). The statute cannot reasonably be so construed, particularly in light of the Fourth Circuit's statement, in the context of adherence to procedural rules, that "strict compliance with the letter of the law by those seeking forfeiture must be required." *United States v. Borromeo*, 945 F.2d 750, 753 (4th Cir.1991). Under the plain and strict interpretation of the statute, *any* action or proceeding for forfeiture, not just an administrative one, must be commenced within 120 days of seizure.

■ The United States claims that its delay in filing the Complaint was caused at least in part by the need to determine whether a judicial action was appropriate in light of its likelihood of success. It may be that the extra time taken by the government in determining the need for judicial proceedings might occasionally or even frequently operate to the benefit of a claimant, (*see* United States' Opposition to Motion for Return of Property, at 13–15 (filed in 3:94CR39)), but the statute is clear that any forfeiture proceeding must commence within 120 days of seizure. If Congress later decides that this period is so short that potentially innocent firearms owners might suffer, or if it finds some unreasonable burden on the government, it is free to amend 18 U.S.C. § 924(d)(1). This court, however, is not empowered to do that.

■ Although the United States does not, one could argue that the filing of the notice as part of the administrative proceeding effectively commences the judicial action. After all, the relevant procedures provided by the Internal Revenue Code require such notice before a judicial action is commenced concerning property worth less than $100,000. *See* 26 U.S.C. § 7325. This stretch of the traditional meaning of commencing a judicial action (filing a complaint, *see* Fed. R.Civ.P. 3) is neither necessary nor appropriate, however. First, although § 924(d)(1) provides that the Internal Revenue Code governs forfeiture procedure, this is so only if any forfeiture action is brought within 120 days of seizure. Second, by properly budgeting for the 30–day maximum lag between filing its administrative notice and learning that someone claims the seized goods, the government can ensure that it will comply with the 120–day deadline. Finally, if the court were to abandon the traditional meaning of commencing a judicial action, it would undermine the speedy adjudication Congress has required by setting the 120–day deadline. Indeed, the firearms owners that Congress apparently meant to protect could conceivably suffer delays even longer than the five months that elapsed in this case between the expiration of the 120–day deadline and the filing of the Complaint.

For the foregoing reasons, the Davids' motion is granted, and this action is dismissed with prejudice.

It is so ORDERED.