**UNITED STATES of America, Plaintiff,**

v.

**Joseph FLEISCHLI, Defendant.**

**No. 00–CR–30008.**

United States District Court, C.D. Illinois, Springfield Division.

Oct. 20, 2000.

---

**6.** Naudain has not challenged any part of ALJ Rickert's hypothetical or any part of Glad- den's testimony.

Patricia A. Tomaw, Springfield, IL, for plaintiff.

W. Scott Hanken, Springfield, IL, Richard E. Gardiner, Fairfax, VA, for defendant.

## OPINION

RICHARD MILLS, District Judge.

"Keep thy shop, and thy shop will keep thee."

Ben Johnson, *et al.*, *Eastward Ho* I (1606).

## FACTS

In addition to being a convicted felon, Joseph Fleischli is the president of Springfield Armament Services, Inc., a licensed manufacturer of firearms. On August 11, 1998, a grand jury indicted Fleischli for possession of machine guns, possession of a firearm by a felon, illegal manufacture of a machine gun, and possession of unregistered explosive devices. Fleischli moved to dismiss the indictment on September 1, 2000. Before any action could be taken on Fleischli's motion, the grand jury returned a Superseding Indictment. In addition to the four crimes charged in the original indictment, the Superseding Indictment charged Fleischli with an additional possession of machine guns offense and another possession of a firearm by a felon offense.

## ANALYSIS

*Count I*

Count I of Fleischli's original indictment charged him with possession of four machine guns in violation of 18 U.S.C. § 922(*o*) [1]. Section 922(*o*) defines a ma-

---

1. Section 922(*o*) states that: Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machine-gun.

chine gun in accordance with 26 U.S.C. § 5845(b). This provision defines a machine gun as:

> any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

*Id.* Fleischli argues that one of the four guns he is charged with possessing, an Aircraft Machine Gun 7.62mm, does not fall within this definition of a machine gun[2]. Fleischli bases his argument on the Internal Revenue Service's Revenue Ruling 55–528. Under this Revenue Ruling:

> Any crank-operated gear-driven Gatling gun (produced under 1862 to 1893 patents) employing a cam action to perform the functions of repeatedly cocking and firing the weapon, as well as any such gun actuated by an electric motor in lieu of a hand-operated crank (produced under 1893 and later patents), while being a forerunner of fully automatic machine guns, is not designed to shoot automatically or semiautomatically more than one shot with a single function of the trigger. Such weapons are held not to be firearms within the purview of the National Firearms Act (Chapter 53 of the Internal Revenue Code of 1954).

■ The Aircraft Machine Gun at issue here employs a cam action to fire the weapon. *See* Dept. of Army Technical Manual TM 9–1005–298–12 at 1–1 (Aug. 1969). Thus, Fleischli argues it is not a machine gun under revenue ruling 55–528. Revenue rulings, however, do not have the force of law; they represent only the IRS' opinion of the law. *See Flanagan v. United States,* 810 F.2d 930, 934 (10th Cir. 1987). This Circuit affords revenue rulings only "the lowest degree of deference." *Bankers Life and Casualty Company v. United States,* 142 F.3d 973, 978 (7th Cir. 1998). Moreover, the Government contests the revenue ruling's classification of the Aircraft Machine Gun. The Govern-

ment avers that it will present testimony and other evidence to establish that the gun is in fact a machine gun under § 922(*o*). Since the gun's classification is an element of a § 922(*o*) offense, it is obviously a jury question. As such, Fleischli is incorrect to assert that revenue ruling 55–528 mandates dismissal.

■ Fleischli next argues that the indictment should be dismissed because he possessed the firearms in the presence of a licensed firearm manufacturer and the firearms were under the licensed manufacturer's control. Section 922(*o*) makes it unlawful to possess a firearm; it does not matter where or in whose presence a person possesses it. Furthermore, since possession is an element of the offense it is a factual issue for a jury to decide. *See United States v. Lloyd,* 71 F.3d 1256 (7th Cir.1995).

In a more sweeping effort to have Count I dismissed, Fleischli argues § 922(*o*) should be stricken as an unconstitutional exercise of the Commerce Clause. The Seventh Circuit rejected this argument in *United States v. Kenney,* 91 F.3d 884 (7th Cir.1996). In *Kenney,* the Seventh Circuit found Congress had a rational basis to regulate the local conduct of machine gun possession "to effectuate § 922(*o*)'s purpose of freezing the number of legally possessed machine guns ... an effect that is closely entwined with regulating interstate commerce." *Kenney,* 91 F.3d at 890. The Court stated that "both the nature of the statute and the history of federal firearms legislation support the conclusion that § 922(*o*) is a constitutional exercise of Congress's Commerce Clause power." *Id.* at 891.

Fleischli recognizes that *Kenney* is the law of this circuit, but contends the opinion should be revisited in light of *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). In *Morrison,* the Supreme Court held that the

---

**2.** The other three guns listed in Count I are a Browning 1919, a German MG 34, and a Norinco MAK–90 Sporter.

Commerce Clause did not permit Congress to enact a civil remedy for victims of gender-motivated violence. *See Id.* at 1744. In striking down the civil remedy provision, 42 U.S.C. § 13981, the Court "reject[ed] the argument that Congress may regulate noneconomic, violent, criminal conduct based solely on the conduct's aggregate effect on interstate commerce." *See Morrison,* 529 U.S. at ——, 120 S.Ct. at 1754. The Court, however, was careful to note that a principal infirmity of § 13981 was that the legislation "contain[ed] no jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce." *Id.* at 1751. The Court then went on to say that "such a jurisdictional element would lend support to the argument that § 13981 is sufficiently tied to interstate commerce ..." *Id.* at 1751–52.

In *Kenney,* the Seventh Circuit held that "there is a rational basis to regulate the local conduct of machine gun possession ... to effectuate § 922(*o*)'s purpose of freezing the number of illegally possessed machine guns ... an effect that is closely entwined with regulating interstate commerce." 91 F.3d at 889. The Court does not read *Morrison* as affecting this holding. Moreover, the Ninth Circuit, the only circuit to have considered the constitutionality of § 922(*o*) since *Morrison,* has held that "section 922(*o*) is a proper exercise of the authority granted to Congress under the Commerce Clause." *See United States v. Smith,* 217 F.3d 746, 750 (9th Cir.2000). Although the Ninth Circuit did not specifically address *Morrison,* the fact that it did not indicates that the Court deemed it to have no impact on § 922(*o*). Given the decisions in *Kenney* and *Smith,* the Court finds no basis to conclude that § 922(*o*) is unconstitutional. Thus, Count I of Fleischli's indictment will not be dismissed.

*Count II*

Count II of Fleischli's original indictment charges him with being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Fleischli argues that Count II should be dismissed because Special Agent Geever, a witness who testified in support of the August 11, 1998, indictment, stated that the origin of two of the eighteen weapons listed in Count II of that indictment could not be determined. If the origin of the two weapons cannot be proved, the Government cannot establish that the weapons affected interstate commerce, an essential element of a felon in possession charge. *See Id.* Thus, Fleischli argues that his August 11, 1998, felon in possession charge should be dismissed. Fleischli's argument would have merit were it not for the fact that the October 5, 2000, superseding indictment does not charge him with any offense relating to the two firearms in question. Since there is no charge based on those firearms, Fleischli's argument fails.

Fleischli also challenges § 922(g)(1)'s constitutionality. Fleischli contends that § 922(g)(1) is invalid because the Commerce Clause does not give Congress the power to criminalize possession of a firearm merely because it traveled in or affected interstate commerce. The Seventh Circuit rejected this argument in *United States v. Bell,* 70 F.3d 495, 497–98 (7th Cir.1995) as has every circuit to have considered the argument. *See, e.g., United States v. Wells,* 98 F.3d 808 (4th Cir.1996) *United States v. Gateward,* 84 F.3d 670, 671–72 (3d Cir.1996), *cert. denied,* 519 U.S. 907, 117 S.Ct. 268, 136 L.Ed.2d 192 (1996); *United States v. Abernathy,* 83 F.3d 17, 20 (1st Cir.1996); *United States v. Spires,* 79 F.3d 464, 466 (5th Cir.1996); *United States v. Turner,* 77 F.3d 887, 889 (6th Cir.1996); *United States v. McAllister,* 77 F.3d 387, 390 (11th Cir.1996), *cert. denied,* 519 U.S. 905, 117 S.Ct. 262, 136 L.Ed.2d 187 (1996); *United States v. Sorrentino,* 72 F.3d 294, 296–97 (2d Cir.1995); *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir.1995), *cert. denied,* 516 U.S. 1137, 116 S.Ct. 966, 133 L.Ed.2d 887 (1996); *United States v. Shelton,* 66 F.3d 991, 992 (8th Cir.1995) (per curiam), *cert. denied,* 517 U.S. 1125, 116 S.Ct. 1364, 134 L.Ed.2d 530 (1996); *United States v. Hanna,* 55 F.3d 1456, 1461–62 &

n. 2 (9th Cir.1995). Nevertheless, Fleischli asks the Court to reconsider the validity of § 922(g) in light of *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000). However, the Seventh Circuit has already stated that "[n]othing in [*Jones*] casts doubt on the validity of § 922(g)". *See United States v. Wesela,* 223 F.3d 656, 660 (7th Cir.2000).

█ Finally, Fleischli contends that § 922(g)(1) does not apply in this case because he possessed most of the firearms listed in Count II at his private residence. This argument is utterly without merit. Section 922(g)(1) states that:

It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting interstate commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

*See Id.* The statute is not premised on *where* a felon possessed a firearm; it is premised on *whether* a felon possessed a firearm. *See Id.* Accordingly, Fleischli presents no valid basis for dismissing Count II.

*Count III*

█ Count III of Fleischli's original indictment charges him with making a machine gun in violation of 26 U.S.C. § 5822.[3] The machine gun he is charged with making is the Aircraft Machine Gun discussed in Count I. As in Count I, Fleischli argues that the gun is not a machine gun because it is not classified as such by Internal Revenue Service Revenue Ruling 55–228. For the reasons explained in Count I, the Court rejects this argument.

Under § 5822:

No person shall make a firearm unless he has (a) filed with the Secretary a written application, in duplicate, to make

and register the firearm on the form prescribed by the Secretary; (b) paid any tax payable on the making and such payment is evidenced by the proper stamp affixed to the original application form; (c) identified the firearm to be made in the application form in such manner as the Secretary may by regulations prescribe; (d) identified himself in the application form in such manner as the Secretary may by regulations prescribe, except that, if such person is an individual, the identification must include his fingerprints and his photograph; and (e) obtained the approval of the Secretary to make and register the firearm and the application form shows such approval. Applications shall be denied if the making or possession of the firearm would place the person making the firearm in violation of law.

*Id.* Fleischli does not argue that he has satisfied any of these requirements. Instead, he argues that § 5822 does not apply to licensed firearm manufacturers.

Nothing in § 5822 supports Fleischli's argument that § 5822 does not apply to licensed manufacturers. Were this not enough, the two provisions on which Fleischli relies to free him from § 5822's duties, 26 U.S.C. § 5841(b) and (c), actually impose additional requirements on gun manufacturers. *See* § 5841(b) (requiring manufacturers to register each firearm he manufactures); § 5841(c) (specifying the manner in which a manufacturer must register firearms). The only other authority Fleischli cites in his attempt to have Count III dismissed is 26 U.S.C. § 5852(c), but this provision merely relieves a manufacturer from having to pay a § 5821 firearm tax. *See* § 5852(c). As such, the Court will not dismiss Count III.

*Count IV*

█ Count IV of the indictment charges Fleischli with illegal possession of destructive devices in violation of 26 U.S.C. §§ 5861(d), 5812(b), and 5871. Count IV

---

**3.** Count III appears as Count V in the October 5th Superseding Indictment. Under either

count, Fleischli is alleged to have violated 26 U.S.C. § 5822.

described the destructive devices Fleischli allegedly made as "four explosive devices." Fleischli objects to this description, arguing that Count IV would have to allege that the "explosive devices" were similar to a bomb, grenade, a rocket having propellant charge of more than four ounces, a missile having an explosive or incendiary charge of more than one quarter ounce, or a mine since 26 U.S.C. § 5845(f)(1)(F) identifies these items as "similar" devices. *See Id.* The grand jury's superseding indictment charges that Fleischli:

> knowingly and unlawfully possess[ed] four destructive devices, to wit: four explosive or incendiary bombs or similar devices each consisting of a cardboard container sealed at both ends, containing a mixture of pentaerythitol tetranintrate (PETN) powder, a non-electric blasting cap with a short length of fuse.

The Superseding Indictment sufficiently alleges possession of items that qualify as similar devices under § 5845(f). Thus, the Court will deny Fleischli's motion to dismiss Count IV.[4]

*Ergo,* Defendant's Motion To Dismiss Indictment is DENIED.

IT IS SO ORDERED.

---

4. Count IV in the original indictment is Count VI in the Superseding Indictment. By either designation, the counts allege the same charge, a violation of 26 U.S.C. §§ 5861(d), 5812(b), and 5871.