UNITED STATES of America,
Plaintiff,

v.

MISCELLANEOUS FIREARMS, EXPLOSIVES, DESTRUCTIVE DEVICES AND AMMUNITION, Defendants.

No. 00–3035.

United States District Court,
C.D. Illinois,
Springfield Division.

June 8, 2001.

See also 119 F.Supp.2d 819.

Esteban F. Sanchez, U.S. Attorney's Office, Springfield, IL, Attorney for Plaintiff.

Richard E. Gardiner, Fairfax, VA, Attorneys for Defendant.

## OPINION

RICHARD MILLS, District Judge.

This is a peripheral sequel to *United States v. Fleischli*, 119 F.Supp.2d 819 (C.D.Ill.2000).

More specifically, it is a civil forfeiture action.

## I. BACKGROUND

On August 11, 1998, agents of the Bureau of Alcohol, Tobacco & Firearms ("ATF") seized firearms and ammunition from the home of Joseph and Donna Fleischli at 1119 South MacArthur and from Mr. Fleischli's business at 1905 East Washington. Various explosives and other items were also seized from Mr. Fleischli's business.

On October 16, 1998, Donna Fleischli—the Claimant here—timely filed a claim as to nearly all of the seized items. The ATF requested that Claimant execute a Bond for Costs and a Power of Attorney and also inquired as to which firearms she was claiming. By letter dated March 1, 1999, the ATF received the requested information. However, because the Bond for Costs was incomplete, the ATF requested by letter on April 29, 1999, that Claimant properly complete and execute the form.

The ATF received all of the necessary information by May 20, 1999. It was then that it referred the matter to the United States Attorney's Office for initiation of a judicial action to enforce the forfeiture of property. The forfeiture action was filed on February 8, 2000.

The cause is now ripe for a ruling on Claimant's motion for partial summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must point out those parts of the record which demonstrate the absence of any genuine issue of material fact. *See Catrett,* 477 U.S. at 323, 106 S.Ct. 2548. In deciding a motion for summary judgment, the record is viewed in favor of the non-moving party and all reasonable inferences are to be drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. ANALYSIS

### A. Local Rule 7.1(D)

Before proceeding to a discussion of the merits, the Court will discuss the local rule that pertains to summary judgment motions. The applicable local rule provides that "[a]ll motions for summary judgment, responses and replies shall comply with the requirements of this rule." Local Rule 7.1(D). It further provides that any filings that do not so comply shall be stricken by the Court. *See id.*

Claimant submitted her allegedly undisputed material facts along with her motion for summary judgment. Local Rule 7.1(D)(2) provides the procedure for responding to a motion for summary judgment. Specifically, any party opposing the motion must (1) list and number any fact which is conceded to be undisputed and material; (2) list by number any fact which is claimed to be disputed; (3) list by number any fact which is claimed to be immaterial to the motion; and (4) list and number any additional material fact raised in opposition to the motion. *See* Local Rule 7.1(D)(2)(b). The Government has failed to comply with the requirements of the local rule by not responding to Claimant's allegedly undisputed material facts and by not asserting any additional material facts to defeat Claimant's motion.

As the Court earlier noted, Claimant has submitted a list of material facts which she alleges is not in genuine dispute. Most of the allegedly undisputed material facts concern the items that were seized on August 11, 1998, and whether they constitute "firearms," "ammunition," or "explosives." Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Catrett,* 477 U.S. at 322, 106 S.Ct. 2548. Unless the non-movant responds to the movant's allegedly undisputed material facts, it is very difficult for the Court to determine if there is a "genuine issue as to any material fact" and therefore whether summary judgment is appropriate. However, there appear to be only two bases for the instant motion: (1) the forfeiture action was not timely filed; and (2) some of the items seized do not constitute "explosives" or "explosive materials." Thus, in the inter-

est of judicial economy, the Court will attempt to determine if there is a genuine issue as to any material fact on the basis of the record.

### B. Timeliness

The complaint in this action asserts that the forfeiture of firearms and ammunition is based upon 18 U.S.C. § 924(d)(1) and 26 U.S.C. § 5872. Section 924(d)(1) provides in pertinent part:

[a]ny firearm or ammunition involved in or used in any knowing violation of subsection ... (g) ... [or] ... (j) ... of section 922 ... or willful violation of any other provision of this chapter ... shall be subject to seizure and forfeiture ... and all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture, and disposition of firearms ... shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter.

18 U.S.C. § 924(d)(1).

Section 5872(a) provides in relevant part that "[a]ny firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture." 26 U.S.C. § 5872(a).

■ Claimant notes that the seizure in this case occurred on August 11, 1998, and that the instant forfeiture proceeding was filed on February 8, 2000. "Any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." 18 U.S.C. § 924(d)(1). Thus, Claimant asserts that pursuant to the statute, this Court lacks jurisdiction of the instant forfeiture proceeding in that it was instituted well over 120 days after the seizure. The Government contends that it satisfied § 924(d)(1) by initiating an administrative forfeiture proceeding pursuant to 26 U.S.C. § 7325 within the necessary 120 days. Section 7325 requires an initial administrative procedure "[i]n all

cases of seizure of any goods ... as being subject to forfeiture ... which ... are of the appraised value of $100,000 or less." 26 U.S.C. § 7325. This administrative procedure requires the following process: (1) list and appraisement of seized items; (2) notice of seizure; (3) execution of bond by claimant; and (4) sale in the absence of bond. *See id.* The Government asserts that by commencing an administrative forfeiture proceeding within 120 days after the seizure, it satisfied the timing requirement of § 924(d)(1).

The relevant portion of § 924(d)(1) has apparently been interpreted in only three reported cases, one of which originated in this district. Specifically, in *United States v. Twelve Miscellaneous Firearms*, 816 F.Supp. 1316 (C.D.Ill.1993), Judge McDade concluded that the phrase "[a]ny action or proceeding" in § 924(d)(1) did not refer solely to court actions. *See id.* at 1317. Instead, that language also included administrative actions. *See id.* Thus, the Court determined that "a forfeiture action is timely so long as the Plaintiff commences at least an administrative action within 120 days of the seizure of the property in question." *Id.* Here, Claimant does not dispute that an administrative action was commenced within 120 days. However, she urges the Court to reject Judge McDade's interpretation of the statutory language, contending that it does not follow that the initiation of administrative proceedings tolls the 120 day statute of limitations.

Claimant requests that this Court adopt the reasoning of the Eastern District of Virginia in *United States v. Fourteen Various Firearms*, 889 F.Supp. 875 (E.D.Va. 1995). That court determined that the language of the statute was plain and unambiguous, noting also that the term "[a]ny action or proceeding" encompasses judicial and administrative proceedings.

*See id.* at 877. The court further noted that the term "proceeding" includes administrative and judicial litigation. *See id.* Accordingly, that court held that "*any* administrative proceeding *or* judicial action for the forfeiture" had to be commenced within 120 days of the date of seizure. *See id.* (emphasis in original).

However, the court in Virginia noted that nothing in the statute or the Internal Revenue Code indicated that initiating an administrative procedure tolled the 120 days in which "any action or proceeding for the forfeiture of firearms" must be commenced. *See id.* It concluded that "any" included both "judicial" and "administrative." *See id.* at 878 (holding that "*any* action or proceeding for forfeiture, not just an administrative one, must be commenced within 120 days of seizure") (emphasis in original). Because the judicial action was not initiated within 120 days of seizure, the court determined that it did not have jurisdiction over the complaint. *See id.* The court noted that if the 120 day period causes an "unreasonable burden" on the Government in commencing judicial forfeiture actions, that is a problem for Congress, not the courts, to address. *See id.* Claimant asserts that this Court should follow the reasoning of the Eastern District of Virginia and hold that § 924(d)(1) requires both the administrative and judicial proceedings to be commenced within the 120 day period. Because only the administrative proceeding here was initiated within 120 days, Claimant asserts that the judicial proceedings were not timely commenced.

More recently, a sister court in Texas determined that even though the United States waited nine months after the seizure to file its complaint, § 924(d)(1) was nevertheless satisfied by its commencement of an administrative forfeiture proceeding within the required 120 days. *See United States v. Twelve Firearms,* 16

F.Supp.2d 738, 740 (S.D.Tx.1998). That court recognized the decisions by this Court in *Twelve Miscellaneous Firearms* and by the Eastern District of Virginia in *Fourteen Various Firearms. See id.* The Southern District of Texas adopted the reasoning of this Court, finding that the analysis of the Eastern District of Virginia was not persuasive. *See id.* The court determined that the word "any" in § 924(d)(1) is ambiguous. *See id.* at 741. It therefore sought to adopt an interpretation of the statute that led to a reasonable result. *See id.* Accordingly, the court concluded that the statute "merely requires the United States to initiate *either* an administrative forfeiture proceeding *or* a judicial forfeiture action within 120 days of a seizure." *See id* (emphasis in original). The court concluded that requiring the United States to initiate a judicial forfeiture action as well as an administrative forfeiture proceeding within 120 days would defeat the purpose of simplified administrative proceedings. *See id.* Accordingly, it determined that the United States had satisfied the 120 day requirement of § 924(d)(1) by commencing an administrative forfeiture proceeding within that period. *See id.*

■ This Court finds that the more appropriate course is to hold that a forfeiture action is timely as long as the Government commences at least an administrative action within 120 days of the seizure of the property. Unlike *Fourteen Various Firearms* on which Claimant relies, this Court's reasoning in *Twelve Miscellaneous Firearms* has been adopted by at least one other court. *See Twelve Firearms,* 16 F.Supp.2d at 740. Claimant asserts that if § 924(d)(1) were interpreted so that the initiation of administrative proceedings tolls the 120 day statute of limitations, the Government would have no limitations on when it had to file a judicial action. Nev-

ertheless, the Government would still have to file some action, administrative or judicial, within the 120 day period pursuant to § 924(d)(1). Moreover, if Congress had intended that the statutory limitations period should apply to a judicial forfeiture complaint even when an administrative action has been commenced, it could have specifically indicated so as it has in other instances. *See Twelve Firearms*, 16 F.Supp.2d at 741.

Accordingly, the Government satisfied the 120 day requirement of § 924(d)(1) in commencing an administrative proceeding within that period. Thus, Claimant's motion for partial summary judgment on the basis that the forfeiture action was not timely filed is denied.

## C. Explosives

■ The Government also seeks the forfeiture of certain items that are alleged to be "explosives" or "explosive materials." The alternative basis on which Claimant contends that she is entitled to summary judgment is that certain items purported to be "explosives" or "explosive materials" do not meet the statutory definition. In support of this assertion, Claimant submits the affidavit of her husband, Joseph Fleischli. The Government in its response indicates that it intends to consult with a weapons expert to determine whether these items are "explosives" and will present an affidavit "should the court deem it necessary." The Government contends that it is premature at this point to grant summary judgment with respect to these items.

As Claimant notes, "explosive materials" are defined as "explosives, blasting agents, and detonators." 18 U.S.C. § 841(c). "Explosives" are defined as "any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion; the term includes, but is not limited to, dynamite and other high explo-

sives, black powder, pellet powder, initiating explosives, detonators, safety fuses, squibs, detonating cord, igniting cord, and igniters." 18 U.S.C. § 841(d).

Claimant contends that the following items do not meet this definition:

35 mm Practice Rocket sn: NONE

37 mm Rubber Projo CS Gas sn: NONE

M781 Practice Rounds sn: NONE

2.36 Military type rockets sn: NONE

box of 14 U.S. Navy Cartridge Signals sn: MK 4 MED 3

blue rifle grenade practice sn: MARKED M31 LOTS 36-6

ctg M781 Practice cartridges sn: NONE

Dummy Bond BDU 28/B sn: LOT MA 106-1-12-64

Light 66MM Anti-Tank Weapon sn: NONE

2.75 War Head M229 Rocket sn: M427 W/FUSE

2.75 Rocket smoke screening RPX M264 sn: BBG93GG03-005

20mm API LC 59P Rounds sn: NONE

60MM Mortar RD drilled rifle grenade tube sn: NONE

Claimant alleges that these items are not encompassed by the definition of "explosive materials" and that the entry of summary judgment is therefore appropriate. Claimant supports this assertion solely with the affidavit of her husband.

Claimant also notes that "this chapter shall not apply to ... (4) small arms ammunition and components thereof; [and] (5) commercially manufactured black powder in quantities not to exceed fifty pounds." 18 U.S.C. § 845(a). The Government seeks the forfeiture of "containers of smokeless powder sn: NONE." Claimant asserts that smokeless powder is a component of small arms ammunition and is therefore exempt from the prohibition

on explosives. Once again, Claimant supports this assertion only with Mr. Fleischli's affidavit. Claimant also contends via Mr. Fleischli's affidavit that the following items are commercially manufactured black powder in quantities of less than fifty pounds and are therefore not subject to forfeiture:

Packages suspected black power sn: NONE

Red and white can with black powder sn: NONE

glass jar marked 2FF black powder sn: NONE

Can Hercules Black Powder sn: NONE

Can filled with 700X dupont black powder sn: NONE

gallon jug of black powder sn: NONE

Accordingly, Claimant maintains that she is entitled to summary judgment as to those items.

The Government emphasizes that Claimant offers no evidence other than Mr. Fleischli's affidavit that the seized items fail to meet the definition of "explosives." It notes that it intends to consult with a weapons expert to determine whether the items are "explosives" and will present an affidavit should the Court deem it necessary. The Government nevertheless contends that it is premature at this time to grant summary judgment to Claimant. Because the Government has presented no evidence as to whether the aforementioned items are "explosives," Claimant contends that it has failed to "set forth specific facts showing that there is a genuine issue for trial" and that the Government has therefore failed to meet its burden pursuant to Rule 56(e). *See* Fed.R.Civ.P. 56(e).

■ Claimant is correct in that the nonmovant cannot typically rest on the allegations of the complaint as the Government has done in this instance. Mr. Fleischli's affidavit claims that the items were seized from his home and business and that he is familiar with them. The affidavit states in a conclusory fashion that certain items are not "explosive materials." Moreover, it states that other items include components of small arms ammunition or constitute commercially manufactured black powder, which are exempt from the prohibition on explosives. Mr. Fleischli's affidavit is of little assistance to the Court. An affiant needs to supply more than the bottom line in order to aid the Court. He must supply a basis for his opinion. *See Vollmert v. Wisconsin Dep't. of Trans.*, 197 F.3d 293, 298–99 (7th Cir.1999) (holding that an expert must supply a factual basis for his opinion). Mr. Fleischli's affidavit includes only conclusory statements that certain items are not "explosives" or "explosive materials." In sum, the items are not "explosives" because he says they are not. Moreover, the Court notes that the affidavit is self-serving as Mr. Fleischli is the husband of Claimant and that it was his home and business from which the items were seized. The Court therefore finds that the entry of summary judgment would be inappropriate.

■ Nevertheless, the Government's failure to provide the Court with an affidavit indicating whether the items were "explosives" is baffling. The Government indicated that it would present an affidavit "should the Court deem it necessary." However, the party opposing a summary judgment motion must take reasonable steps to provide the Court with evidence to create a genuine issue of material fact. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir.2001); *see also Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir.1999) (noting that summary judgment is the "put up or shut up" stage of litigation). The Government asserts that it is "premature to grant summary judgment with respect to these items" at this time. However, Rule 56 provides that "[a] party against whom a claim, counter-

claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed.R.Civ.P. 56(b). Therefore, it escapes the Court as to how it can be premature to grant summary judgment with respect to these items. If Claimant's affidavit had been of more assistance to the Court in determining whether the seized items were "explosives," the entry of partial summary judgment would have been entirely appropriate. However, because the affidavit did not assist the Court in determining whether some of the seized items were "explosives" or "explosive materials," Claimant's motion for partial summary judgment as to that issue will be denied.

*Ergo,* Claimant's motion for partial summary judgment is DENIED.