**UNITED STATES of America, Plaintiff,**

v.

**SIXTY FIREARMS and Various Rounds of Ammunition, Defendants,**

v.

**Theresa Lamplugh, Claimant.**

**No. 3:CV–00–1470.**

United States District Court, M.D. Pennsylvania.

Feb. 14, 2002.

Christopher H. Casey, U.S. Attorney's Office, Scranton, PA, Theodore B. Smith, III, U.S. Attorney's Office, Harrisburg, PA, for plaintiff.

Theresa Lamplugh, Wellsboro, PA, Joseph A. Ferry, West Chester, PA, for defendants.

### MEMORANDUM

VANASKIE, Chief Judge.

This civil forfeiture action is before the Court on the Claimant's motion to dismiss. Claimant, Theresa Lamplugh, contends that this action was filed beyond the 120 day statute of limitations prescribed by 18 U.S.C. § 924(d)(1). The government asserts that the institution of an administrative forfeiture proceeding within the prescribed time limit satisfied the requirement of § 924(d)(1). Because the government's filing of an administrative forfeiture proceeding within 120 days of seizure of the property in question is sufficient to satisfy the statute, Claimant's motion to dismiss will be denied.

### BACKGROUND

This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 924(d)(1) and 26 U.S.C. § 5872. (Complaint, ¶ 1.) Venue is proper pursuant to 28 U.S.C. § 1395 and 18 U.S.C. § 924. (*Id.*, ¶ 2.) This Court has jurisdiction pursuant to 28 U.S.C. § 1395 and 18 U.S.C. § 924. (*Id.*, ¶ 3.)

This action has its origins in an investigation of the late Harry C. Lamplugh, who had been engaged in the business of promoting and conducting gun shows under the name of Borderline Gun Collectors Association. His wife, Theresa Lamplugh, the Claimant in this action, had obtained a federal firearms license to buy and sell firearms after Harry Lamplugh had been advised that he was ineligible to possess a federal firearms license based on a prior

felony conviction.[1] Suspecting that Harry Lamplugh was in possession of and dealing in firearms, the government conducted searches of his residence and his son's residence on May 25, 1994. As a result of this search, various firearms and ammunition were seized. The firearms and ammunition ("defendant property") were appraised to have a value of $15,061.

Section 924(d)(1) of title 18 U.S.C. authorizes the forfeiture of any firearm or ammunition involved in or used in any knowing violation of the statute prohibiting possession of a weapon by a convicted felon. On or about June 30, 1994, the government commenced an administrative forfeiture proceeding with respect to the 60 firearms and ammunition at issue in this litigation. The administrative forfeiture proceeding was duly advertised in a newspaper. On or about August 1, 1994, Theresa Lamplugh filed her claim to the property in question as well as a bond in the amount of $2500. No further action on the forfeiture of the property was apparently taken by the government until August 16, 2000, when this judicial action was commenced.[2]

## DISCUSSION

■ Presently pending before the Court is Claimant Theresa Lamplugh's motion to dismiss pursuant to Fed.R.C.P. 12(b)(1), in which she claims, "this forfeiture action was untimely filed and, consequently, this Court has neither subject matter nor *in rem* jurisdiction over this matter." (Claimant's Br. in Supp. of Motion to Dismiss, p. 3.) When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *NMC Homecare, Inc. v. Shalala*, 970 F.Supp. 377, 382 (M.D.Pa.1997). In reviewing such a motion, the court can consider not only the pleadings, but any additional evidence made available to the court. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir.1997). Unlike a Rule 12(b)(6) motion, under a 12(b)(1) motion to dismiss, " 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material fact will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim.' " *Robinson*, 107 F.3d at 1021 (citing *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). A complaint may be dismissed for lack of subject matter jurisdiction on a 12( b)(1) motion only if it appears to a certainty that a colorable claim cannot be asserted. *Smith v. Social Security Administration*, 54 F.Supp.2d 451, 453 (E.D.Pa.1999.)

Claimant, in support of her motion, asserts that the government's "Verified Complaint of Forfeiture, in rem" was filed outside the 120 day limitations period prescribed by 18 U.S.C. § 924(d)(1). Section 924(d)(1), in pertinent part, states, "[a]ny action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." Section 924(d)(1) further provides that "all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture and disposition of firearms ... shall, so far as applicable, extend to seizures and forfeitures under

1. It is unlawful for a convicted felon to possess in or affecting commerce any firearm or ammunition or to receive any firearm or ammunition that has moved in interstate or foreign commerce. 18 U.S.C. § 922(g)(1).

2. In the meantime, the government prosecuted Harry and Theresa Lamplugh, as well as their son, on, *inter alia*, weapons-related charges. On December 14, 1998, a jury acquitted Harry and Theresa Lamplugh of conspiring to engage in the business of dealing in firearms without a license, but found Harry Lamplugh guilty, *inter alia*, of engaging in the business of dealing in firearms without a license and possession of firearms after having been convicted of a felony. On June 15, 1999, Harry Lamplugh passed away.

[§ 924(d) ]." Significantly, the Internal Revenue Code mandates that *administrative* proceedings be commenced where, as here, the value of the property subject to forfeiture is no more than $100,000.[3] Thus, there are two types of "actions or proceedings" pertinent to forfeiture of firearms and ammunition under § 924(d)(1)—administrative and judicial.

In the case at bar, there is no dispute surrounding the administrative forfeiture proceedings. The defendant property has an appraised total value of $15,061. (Complaint, ¶ 5.) As noted above, the property was seized on May 25, 1994. The administrative forfeiture was commenced around June 30, 1994, at which time Harry Lamplugh was advised of the proceedings by letter. (*Id.*, ¶ 21.) The action was advertised in *USA Today* on July 14, 21, and 28, 1994. (*Id.*, ¶ 22.) On August 1, 1994, Theresa Lamplugh timely filed her claim and cost bond in the amount of $2,500. (*Id.*, ¶ 23.)

The dispute here surrounds the judicial forfeiture. The United States filed its Verified Complaint of Forfeiture on August 16, 2000. Claimant argues that this action should be dismissed for lack of subject matter jurisdiction because the judicial forfeiture was untimely, having been commenced "six years, two months and twenty-two days after the seizure." (Claimant's Mot. to Dismiss, ¶ 6.)

The issue presented by the Claimant requires the interpretation of the final sentence of § 924(d)(1), which reads: "[a]ny action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." By using the phrase *"[a]ny* action or proceeding," did Congress mean *"every* action or proceeding," or *"either* action or proceeding?" In other words, in order to satisfy the requirements of the statute, is it necessary for the government to initiate both administrative forfeiture and judicial forfeiture within one hundred and twenty days of the seizure, or is it sufficient to bring only the administrative forfeiture action within the required time limit, thus tolling the statute for the purposes of a later action in court?

Claimant's argument focuses on Rule 2 of the Federal Rules of Civil Procedure, which provides, "There shall be one form of action to be known as 'civil action.'" Claimant points to the Advisory Committee Notes that follow Rule 2, which state,

---

**3.** The procedures to be followed for administrative forfeiture are outlined in 26 U.S.C.A. § 7325, which reads:

> In all cases of seizure of any goods, wares, or merchandise as being subject to forfeiture under any provision of this title which, in the opinion of the Secretary, are of the appraised value of $100,000 or less, the Secretary shall, except in cases otherwise provided, proceed as follows:
> (1) List and appraisement.—The Secretary shall cause a list containing a particular description of the goods, wares, or merchandise seized to be prepared in duplicate, and an appraisement thereof to be made by three sworn appraisers ...
> (2) Notice of seizure.—If such goods are found by such appraisers to be of the value of $100,000 or less, the Secretary shall publish a notice for 3 weeks, in some newspaper of the district where the seizure was made, describing the articles and stating the time, place, and cause of their seizure, and requiring any person claiming them to appear and make such claim within 30 days from the date of the first publication of such notice.
> (3) Execution of bond by claimant.—Any person claiming the goods, wares, or merchandise so seized, within the time specified in the notice, may file with the Secretary a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $2,500 ...; and upon delivery of such bond ... to the United States attorney for the district ... such attorney shall proceed thereon in the ordinary manner prescribed by law.

"2. Reference to actions at law or suits in equity in all statutes should now be treated as referring to the civil action prescribed in these rules." (Advisory Committee Note No. 2.) Thus, claimant asserts, "when Congress used the word 'action' in this forfeiture statute, it could have only meant the 'action' designated by Rule 2 of the Federal Rules of Civil Procedure, a 'civil action'. The instant civil action was not initiated within the statutorily mandated one hundred and twenty days of the seizure of the defendant property." (Claimant's Br. in Supp. of Mot'n to Dismiss, p. 3.)

> The government, in response, asserts:
> There are two immediate problems with this reasoning: First, section 924(d) does not contain any reference to an *action at law,* so the Advisory Committee Notes have no relevance to the construction of the statute of limitations set forth in section 924(d). Second, section 924(d) does refer to the time within which an *action or proceeding,* rather than just an action, must be commenced, and claimant conceded that the United States brought an administrative forfeiture proceeding within the required 120 days.

(Pl.'s Br. in Opp. to Mot'n to Dismiss, p. 3.)

Although sparse, the reported case law interpreting the limitations provision in 924(d)(1) preponderates in favor of the government's position. In this regard, there are four district court decisions that have dealt with this specific issue. Three of the courts found that the language of 924(d)(1) requires only the institution of the administrative forfeiture within the 120 day time period, while one court found that the statute requires the filing of both the administrative and judicial forfeiture actions within the 120 day period. The four decisions will be reviewed in the chronological order in which they were decided.

The first case is *United States v. Twelve Miscellaneous Firearms,* 816 F.Supp. 1316 (C.D.Ill.1993). In that case, the seizure occurred in September of 1991 and an action was not filed in court until October of 1992, over one year later. Rejecting the Claimants' argument that the action was untimely, the court found that "the phrase 'any action or proceeding,' as stated in § 924(d)(1), does not refer simply to court actions, as Claimants argue. Rather, the phrase also contemplates administrative actions." *Id.* at 1317. The court explained:

> Clearly the phrase "any action or proceeding" could not be read so narrowly as to preclude administrative proceedings. More importantly, however, § 924(d)(1) is governed by "all provisions of the Internal Revenue Code ... relating to seizure, forfeiture and disposition of firearms ...." The Internal Revenue Code mandates administrative proceedings "in all cases of seizure of any goods ... subject to forfeiture ... which are of the appraised value of $100,000.00 or less ...."

*Id.* (citing 26 U.S.C. § 7325.) The Court held that "a forfeiture action is timely so long as the plaintiff commences at least an administrative action within 120 days of the seizure of the property in question." *Id.*

In *United States v. Fourteen Various Firearms,* 889 F.Supp. 875, (E.D.Va.1995), the court, faced with the identical issue, reached a contrary conclusion. In that case, the firearms were seized on May 5, 1994. *Id.* at 876. On June 30, 1994, the United States issued a notice of an administrative forfeiture proceeding concerning the firearms. *Id.* The United States filed the Complaint for forfeiture on February 3, 1995. *Id.* Claimants moved to have the Complaint dismissed pursuant to Fed. R.C.P. 12(b)(1) and 12(b)(6). For the pur-

poses of the 12(b)(1) argument, claimants asserted that "because the seizure occurred on May 5, 1994, ... the statute required the United States to file its Complaint in this court on September 2, 1994. Thus, the claimants argue, the United States was about five months tardy." *Id.* at 876–77. The court agreed, concluding that "the forfeiture action was untimely filed; that, therefore, the court has no jurisdiction; and that the case should be dismissed." *Id.* at 877. In support of this conclusion, the court offered the following rationale:

> Here the language [of § 924(d)(1)] is plain and it is unambiguous. The term "[a]ny action or proceeding" clearly includes administrative and judicial proceedings. The common meaning of the word proceeding includes both administrative and judicial litigation. The word "action" also has special meaning in the judicial context because the Federal Rules of Civil Procedure define as civil *actions* all the judicial proceedings brought in federal courts which, of course, is where judicial actions seeking forfeiture must be initiated. Thus, *any* administrative proceeding *or* judicial action for the forfeiture of the defendant fourteen firearms had to begin within 120 days of the date they were seized, May 5, 1995. The judicial action respecting these firearms was not filed within this time limit. Thus, the action must be dismissed.

> An examination of sources other than the plain language of § 924(d)(1) also supports dismissal. For example, § 924(d)(1) provides that "all provisions of the Internal Revenue Code ... relating to the seizure, forfeiture, and disposition of firearms ... shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter ...." One such provision is 26 U.S.C. § 7325. As the United States and the opinion in *United States v.*

*Twelve Miscellaneous Firearms,* 816 F.Supp. 1316 (C.D.Ill.1993) point out, in this case which involves goods valued at $100,000 or less, 26 U.S.C. § 7325 requires an initial administrative procedure to determine whether anyone claims an interest in the goods to be forfeited. Judicial proceedings should then be instituted only if someone claims an interest in the goods. Nothing in § 924(d)(1) or the Internal Revenue Code, however, provides that commencement of the administrative procedure tolls the 120–day period in which "any action or proceeding for the forfeiture of firearms" must be commenced.

> \*     \*     \*     \*     \*     \*

> In conclusion, the record points to nothing which would render ambiguous the plain language interpretation of "any action or proceeding" to include both administrative proceedings and judicial actions. The government, which itself relies on a plain-language argument, cites much support for the proposition that "any" includes "administrative," and the court finds this support persuasive. But the government seems to miss entirely the point that "any" also includes "judicial." Thus, the provision at issue would not lose its meaning if it were changed to read, "Any administrative or judicial action or proceeding for the forfeiture of firearms or ammunition shall be commenced within [120] days of such seizure." Here, the judicial action was not commenced within 120 days, and this court therefore has no jurisdiction over the subject matter of the Complaint.

*Id.* at 877–78.

In reaching its conclusion, the Court drew a parallel between the 120 day requirement of § 924(d)(1) and the 30 day requirement for filing a claim set forth in 26 U.S.C. § 7325(2). In extending the log-

ic of the *Twelve Miscellaneous Firearms* court to the 30 day requirement, the court noted:

> Ironically, the government's logic could be applied to 26 U.S.C. § 7325(2) to allow a person claiming an interest in seized goods to file his or her claim at any time. That section requires "any person" claiming seized goods to "make such claim within 30 days." Thus, as long as someone makes a claim within the 30 days, someone else can make a claim anytime after that period. For it is the same logic that reasons, as long as an administrative proceeding is commenced within 120 days of the seizure, a judicial proceeding may be commenced any time after that time period. Finding this logic faulty, this court disagrees with *Twelve Miscellaneous Firearms*, 816 F.Supp. at 1317 .... Under the plain and strict interpretation of the statute, *any* action or proceeding for forfeiture, not just an administrative one, must be commenced within 120 days of seizure.

*Id.*

There are two other district court opinions that deal with the issue surrounding the 120 day requirement of 18 U.S.C. § 924(d)(1). They both agree with the first district court's ruling discussed in this opinion—that the commencement of an administrative forfeiture proceeding within 120 days of seizure of the property in question tolls the statute for the purposes of the judicial forfeiture.

In *United States v. Twelve Firearms,* 16 F.Supp.2d 738, 740 (S.D.Tex.1998), the District Court of Texas was faced with a situation similar to that presented here. Administrative forfeiture proceedings were commenced approximately one month after the property was seized. About seven months later, a judicial *in rem* action was brought. Observing that there were conflicting decisions from the Central District of Illinois and the Eastern District of Virginia, the Court first determined that "the meaning of the word 'any' in § 924(d)(1) is ambiguous." *Id.* at 741. The court thus examined the forfeiture statute as a whole to determine the most reasonable construction.

The court first found that "if Congress had intended that the time limit provided in § 924(d)(1) should *always* apply to the filing of a judicial complaint for forfeiture of firearms, even when an administrative proceeding has also been initiated, it could have easily specified so in the statute, as it did in 21 U.S.C. § 888(c) with respect to drug-related forfeitures." *Id.*[4] The court then reasoned that "an interpretation of 924(d)(1) that would require the United States to initiate both administrative and judicial forfeiture proceedings within the same brief time period would defeat the purpose of simplified administrative proceedings." *Id.* The *Twelve Firearms* court thus concluded that the Eastern District of Virginia ruling was not persuasive, and interpreted § 924(d)(1) to require only that an administrative forfeiture be brought within 120 days of seizure of the property.

The fourth and final case which interprets the 120 day requirement of 924(d)(1) is another Central District of Illinois case, *United States v. Miscellaneous Firearms, Explosives, Destructive Devices, and Ammunition,* 150 F.Supp.2d 988 (C.D.Ill. 2001). In *Miscellaneous Firearms,* the seizure occurred on August 11, 1998, and the forfeiture action was filed in court on February 8, 2000. *Id.* at 991. The claim-

---

**4.** 21 U.S.C. § 888(c) states: "[n]ot later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court."

ant asserted lack of subject matter jurisdiction because the judicial forfeiture was filed well after the 120 day period had expired. *Id.* The government argued that it had satisfied § 924(d)(1) by initiating an administrative forfeiture proceeding pursuant to 26 U.S.C. § 7325 within the necessary 120 days. *Id.* After giving a brief summary of the three other relevant district court opinions, the *Miscellaneous Firearms* court decided, "the more appropriate course is to hold that a forfeiture action is timely as long as the Government commences at least an administrative action within 120 days of the seizure of the property." *Id.*, 992. The court pointed out:

> Claimant asserts that if § 924(d)(1) were interpreted so that the initiation of administrative proceedings tolls the 120 day statute of limitations, the Government would have no limitations on when it had to file a judicial action. Nevertheless, the Government would still have to file some action, administrative or judicial, within the 120 day period pursuant to § 924(d)(1). Moreover, if Congress had intended that the statutory limitations period should apply to a judicial forfeiture complaint even when an administrative action has been commenced, it could have specifically indicated so as it has in other instances.

*Miscellaneous Firearms*, 150 F.Supp.2d at 992–93. (citing *Twelve Firearms*, 16 F.Supp.2d at 741.)

■ I find the reasoning of the two decisions from the Central District of Illinois and the decision of the Southern District of Texas more persuasive than the Eastern District of Virginia ruling. In this case, an administrative forfeiture was mandated. It makes little sense to require the government to initiate both an administrative proceeding and a judicial forfeiture action within 120 days of seizure of the property. Under the interpretation adopted by the Eastern District of Virginia, the government may have to file an action in court before the deadline for a claimant to file a claim and bond. As pointed out in the Southern District of Texas decision, "the purpose of administrative forfeiture proceedings is to provide, if possible, a mechanism for the government and private parties to resolve their forfeiture-related disputes without the need for judicial actions." *Twelve Firearms*, 16 F.Supp.2d. at 741. The administrative process is promoted by interpreting § 924(d)(1) to mean that either an administrative proceeding or a judicial action must be brought within 120 days of seizure of the property. Because the government initiated the administrative forfeiture process in a timely manner, subject matter jurisdiction over this action is not lacking. Accordingly, the Claimant's motion to dismiss will be denied.[5] An appropriate Order follows.

---

**5.** It should be noted that the delay in bringing this action may nonetheless implicate due process concerns. *See generally* 69 A.L.R. Fed. 373, 1984 WL 263465 (1984)("Delay Between Seizure of Personal Property by Federal Government and Institution of Proceedings for Forfeiture Thereof as Violative of Fifth Amendment Due Process Requirements.") Neither party has entered this thicket, and I will not venture to do so without some guidance from the parties. It may also be that the five year limitations period set forth in 28 U.S.C. § 2462 should be regarded as having commenced running on August 1, 1990, when Theresa Lamplugh filed her claim and cost bond. As the parties have not addressed this issue as well, I will not consider it at this time.